UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

04-12393 MLW

TRICORE, INC.,
    Plaintiff,

MAGISTRATE JUDGE _____

v.

COMPLAINT

SAFECO INSURANCE COMPANY OF
AMERICA, and R.P. IANNUCCILLO &
SONS CONSTRUCTION CO.,
    Defendants.

### Parties

1. The Plaintiff, Tricore, Inc. ("Tricore"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 100 Sharp Street, Hingham, Plymouth County, Massachusetts.

2. The Defendant, Safeco Insurance Company of America ("Safeco"), is an insurance corporation licensed to do business in the Commonwealth of Massachusetts and has a principal place of business at 2800 W. Higgins Road, Suite 110, Hoffman Estates, Illinois.

3. The Defendant, R.P. Iannuccillo & Sons Construction Co. ("Iannuccillo"), is a corporation duly organized and existing under the laws of State of Rhode Island with a principal place of business at 70 Calverly Street, Providence, Rhode Island.

### Jurisdiction

4. Tricore is a corporation organized under the laws of, and with a principal place of business located in, the Commonwealth of Massachusetts.

5.  Safeco is a foreign corporation with a principal place of business located in the State of Illinois.

6.  Iannuccillo is a corporation organized under the laws of, and with a principal place of business located in, the State of Rhode Island.

7.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, $75,000.00.

### Facts

8.  On or about January 2, 2002, Tricore entered into an agreement to perform services as a general contractor for Sherrill House, Inc., relating to the Frank Wood expansion project in Boston, Massachusetts (the "Project").

9.  In connection with providing such services, Tricore entered into a subcontract (the "Subcontract", a conformed copy of which is attached hereto as Exhibit A) with Iannuccillo on April 25, 2002. The subcontract required Iannuccillo to perform work relating to the Project, specifically with regard to the placement of all concrete work, footing walls and slabs.

10. As required by the Subcontract, Iannuccillo obtained a performance bond guaranteeing its performance under the Subcontract. Specifically, Iannuccillo obtained Contract Performance Bond No. 600617 from Safeco (the "Bond", attached hereto as Exhibit B).

11. Following the execution of the Subcontract, and during the duration of the Project, Tricore repeatedly notified Iannuccillo of its failure to fulfill its contractual obligations under the Subcontract by continually delaying the progress of the Project and by failing to provide work in a good and workmanlike manner.

12. In light of Iannuccillo's failure to adhere to the terms of the Subcontract, Tricore terminated Iannuccillo from the Project by letter dated July 1, 2003, such termination to be effective as of July 3, 2003.

13. By letter dated July 1, 2003, Tricore initially notified Safeco that it was terminating the Subcontract and was seeking to have Safeco arrange for the performance of Iannuccillo's obligations under the Subcontract in accordance with the terms and conditions of the Bond.

14. Thereafter, between July 2003 and the present date, in accordance with the terms of the Bond, Tricore repeatedly notified Safeco in writing on at least seven occasions of the need to begin completing RPI's work (specifically, beginning the placement of the concrete foundation walls), as required by the Bond, by no later than Wednesday, February 11, 2004. Even though Tricore notified Safeco that time was of the essence and that the construction schedule had continued to fall behind due to the delay in the completion of the concrete work and the adverse impact this had on the entire construction project, Safeco failed and refused to remedy the defective work provided by RPI on the Project and to complete the work on the Project that RPI was obligated to provide under the terms of the Subcontract.

15. In the wake of Safeco's failure to satisfy its contractual obligations under the Bond by completing the work remaining under the Subcontract on the Project, Tricore was forced to both complete the work remaining to be performed by Iannuccillo under the Subcontract and to remedy the defective work performed by Iannuccillo on the Project.

3

16.  Safeco has substantilly breached the terms of the Bond by failing to complete the work remaining to be performed by Iannuccillo under the Subcontract and by failing to remedy the defective work performed by Iannuccillo on the Project.

17.  Tricore has fulfilled its obligations in accordance with the terms of the Subcontract and the Bond.

18.  As a direct and proximate result of Iannuccillo's failure to perform in accordance with the terms of the Subcontract, and Safeco's failure to fulfill its contractual obligations under the Bond, Tricore has sustained monetary damages in excess of $400,000 and will continue to sustain additional damages.

### Count I - Breach of Contract
### (Safeco)

19. Tricore repeats and reavers the allegations contained in the previous Paragraphs as fully as though they were set out herein.

20. Safeco substantially breached the Bond by failing to comply with its terms and conditions in failing to both complete the work remaining to be performed by Iannuccillo in accordance with the Subcontract and by remedying the defective work performed by Iannuccillo on the Project.

21. As a direct and proximate result of Safeco's substantial breach, Tricore has sustained and will continue to sustain substantial money damages.

WHEREFORE, Tricore respectfully demands that this Honorable Court:

a.  Determine that the actions of Safeco constituted a breach of the Bond;

b.  Award Tricore damages against Safeco, plus interest, costs and reasonable attorney's fees; and

c.  Award such other and further relief as the Court deems meet and just in these premises.

### Count II - Violation of M.G.L. c. 93A and M.G.L. c. 176D
### (Safeco)

22. Tricore repeats and reavers the allegations contained in the previous Paragraphs as fully as though they were set out herein.

23. Safeco has intentionally and without justification failed and refused to comply with the terms and conditions of the Bond, has acted in bad faith in engaging in various delaying tactics in an attempt to avoid paying any claims and in causing Tricore to commence this suit in order to compel compliance with the terms of the Bond.

24. The knowing and willful actions of Safeco in refusing to fulfill its obligations under the terms of the Bond are frivolous, oppressive, unscrupulous, without justification or excuse, and therefore constitute both unethical or unfair and/or deceptive acts all in violation of Massachusetts General Laws, Chapter 93A and bad faith settlement practices violative of Massachusetts General Laws, Chapter 176D.

25. As a direct and proximate result of Safeco's conduct, Tricore has been and will be forced to suffer substantial money damages and has incurred expenses for attorney's fees and other costs.

WHEREFORE, Tricore respectfully demands that this Honorable Court:

a.  Determine that the acts and practices of Safeco are in violation of Massachusetts General Laws, Chapter 93A and/or Massachusetts General Laws, Chapter 176D;

b.  Determine that the acts and practices of Safeco were willful and knowing;

c.  Determine the amount of damages suffered by Tricore;

d.  Award Tricore double or treble damages against Safeco, attorney's fees and costs all as provided for under Massachusetts General Laws, Chapter 93A and Massachusetts General Laws, Chapter 176D; and

e.  Award such other and further relief as this Honorable Court deems meet and just in these premises.

### Count III - Breach of Covenant of Good Faith and Fair Dealing
### (Safeco)

26. Tricore repeats and reavers the allegations contained in the previous Paragraphs as fully as though they were set out herein.

27. On the basis of the facts set forth above, Safeco willfully and materially breached the covenant of good faith and fair dealing implied in the Bond and in its relationship with Tricore. As a direct and proximate result of the conduct of Safeco, Tricore has sustained and will sustain substantial monetary damages.

WHEREFORE, Tricore respectfully demands that this Honorable Court:

a.  Determine that the actions of Safeco constitute a breach of the covenant of good faith and fair dealing;

b.  Award Tricore damages for breach of the covenant of good faith and fair dealings in the amount so determined including interest, costs, and reasonable attorneys' fees against Safeco; and

c.  Award such other and further relief as this Honorable Court deems meet and just in these premises.

## Count IV - Declaratory Judgment
### (Safeco)

28. Tricore repeats and reavers the allegations contained in the previous Paragraphs as fully as though they were set out herein.

29. Tricore says that an actual and serious controversy has arisen between Tricore and Safeco regarding the terms, conditions and obligations of the respective parties under the Bond.

30. Tricore alleges that under the Bond Safeco is responsible to remedy Iannuccillo's default under the Subcontract.

31. Safeco has refused to remedy Iannuccillo's default under the Subcontract in favor of engaging in delaying tactics to avoid its obligations under the Bond.

32. Tricore has already incurred substantial expense in remedying Iannuccillo's default, and unless the liability of Safeco under the Bond is determined Safeco will continue to refuse to undertake its obligations under the Bond, and Tricore will thereby suffer irreparable damage.

WHEREFORE, Tricore demands that this Honorable Court:

a. Determine the rights and obligations of Tricore and Safeco under the terms of the Bond;

b. Declare that Safeco is responsible under the Bond for completing the work remaining to be performed by Iannuccillo under the Subcontract and for remedying the defective work performed by Iannuccillo on the Project;

c. Declare that it is Safeco's obligation to reimburse Tricore for all costs and expenses and attorney's fees incurred by it in completing the work remaining to

be performed by Iannuccillo under the Subcontract and for remedying the defective work performed by Iannuccillo on the Project; and

d. Award such other and further relief as this Honorable Court deems meet and just in these premises.

### Count V - Breach of Agreement
### (Iannuccillo)

33. Tricore repeats and reavers the allegations contained in the previous Paragraphs as fully as though they were set out herein.

34. Iannuccillo substantially breached the Subcontract with Tricore by failing to perform in accordance with its terms and conditions.

35. As a direct and proximate result of Iannuccillo's substantial breach, Tricore has sustained and will sustain substantial money damages.

WHEREFORE, Tricore respectfully demands that this Honorable Court:

a. Determine that the actions of Iannuccillo constituted a breach of the Subcontract;

b. Award Tricore damages against Iannuccillo, plus interest, costs and reasonable attorney's fees; and

c. Award such other and further relief as the Court deems meet and just in these premises.

### Count VI - Violation of M.G.L. c. 93A
### (Iannuccillo)

36. Tricore repeats and reavers the allegations contained in the previous Paragraphs as fully as though they were set out herein.

37. Tricore has fulfilled all of its contractual obligations under the Subcontract. On the basis of the facts set forth above, Iannuccillo, intentionally and without justification failed and refused to comply with the terms of the Subcontract, to fulfill its obligations therein, and has acted in bad faith.

38. The knowing and willful actions of Iannuccillo are unscrupulous, without justification or excuse, and therefore constitute unethical or unfair and/or deceptive acts all in violation of Massachusetts General Laws, Chapter 93A.

39. As a direct and proximate result of the conduct of Iannuccillo, Tricore has been and will be forced to suffer substantial money damages and has incurred expenses for attorneys' fees and other costs.

WHEREFORE, Tricore respectfully demands that this Honorable Court:

a. Determine that the acts and practices of Iannuccillo are in violation of Massachusetts General Laws, Chapter 93A;

b. Determine that the acts and practices of Iannuccillo were willful and knowing;

c. Determine the amount of damages suffered by Tricore;

d. Award Tricore double or treble damages against Iannuccillo, attorney's fees and costs all as provided for under Massachusetts General Laws, Chapter 93A; and

e. Award such other and further relief as this Honorable Court deems meet and just in these premises.

## Count VII - Breach of Covenant of Good Faith and Fair Dealing
### (Iannuccillo)

40. Tricore repeats and reavers the allegations contained in the previous Paragraphs as fully as though they were set out herein.

41. On the basis of the facts set forth above, Iannuccillo willfully and materially breached the covenant of good faith and fair dealing implied in the Subcontract and in its relationship with Tricore. As a direct and proximate result of the conduct of Iannuccillo, Tricore has sustained and will sustain substantial monetary damages.

WHEREFORE, Tricore respectfully demands that this Honorable Court:

a. Determine that the actions of Iannuccillo constitute a breach of the covenant of good faith and fair dealing in the relationship between Tricore and Iannuccillo in the Subcontract;

b. Award Tricore damages for breach of the covenant of good faith and fair dealings in the amount so determined including interest, costs, and reasonable attorneys' fees against Iannuccillo; and

c. Award such other and further relief as this Honorable Court deems meet and just in these premises.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND COUNTS.**

        Tricore, Inc.,
        By its Attorneys,

        _____
        Edward D. Kutchin, Esquire
        BBO No. 281920
        Kerry R. Northup, Esquire
        BBO No. 633016
        Kutchin & Rufo, P.C.
        155 Federal Street
        Boston, MA 02110
        (617) 542-3000

Dated: November 11, 2004

F:\4229\Pleadings\Complaint.Doc

**SAFECO**

GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
HOME OFFICE: SAFECO PLAZA
SEATTLE, WASHINGTON 98185

**CONTRACT PERFORMANCE BOND**

Bond 600617

KNOW ALL BY THESE PRESENTS, That we, R.P. Iannuccillo & Sons Construction Company, 10 Calverly Street, Providence, RI 02908
(Here insert the name and address, or legal title, of the Subcontractor)

as Principal, herein called Principal, and SAFECO INSURANCE COMPANY OF AMERICA, a corporation of the State of Washington, as Surety, herein called Surety, are held and firmly bound unto Tricore, Inc., 100 Sharp St., Hingham, MA, Sherrill House, Inc., 135 South Huntington Ave., Boston, MA 02135 And Sovereign Bank, 75 State St., Boston, MA 02109
(Here insert the name and address, or legal title, of the General Contractor)

Obligee, in the amount of Eight Hundred Sixty Three Thousand, Four Hundred Ninety Seven & 00/100 Dollars ($ 863,497.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated _____ entered into a subcontract with Obligee for Concrete, Footing Walls And Slabs Subcontract Work For Sherrill House – Frank Wood Expansion, Boston, MA.

which subcontract is by reference made a part hereof, and is referred to as subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if the Principal shall promptly and faithfully perform said subcontract, then this obligation shall be null and void; otherwise to remain in full force and effect.

The Surety hereby waives notice of any modification or amendment to the Subcontract made in accordance with the terms thereof, and any alteration or extension of time made by or through the General Contractor.

Whenever Principal shall be, and be declared by Obligee to be in default under the subcontract, the Obligee having performed Obligee's obligations thereunder:

1) Surety may promptly remedy the default subject to the provisions of paragraph 3 herein, or;

2) Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee, may arrange for the performance of Principal's obligation under the subcontract subject to the provisions of paragraph 3 herein;

3) The balance of the subcontract price, as defined below, shall be credited against the reasonable cost of completing performance of the subcontract. If completed by the Obligee, and the reasonable cost exceeds the balance of the subcontract price, the Surety shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the amount of this bond. If the Surety arranges completion or remedies the default, that portion of the balance of the subcontract price as may be required to complete the subcontract or remedy the default and to reimburse the Surety for its outlays shall be paid to the Surety at the times and in the manner as said sums would have been payable to Principal had there been no default under the subcontract. The term "balance of the subcontract price", as used in this paragraph, shall mean the total amount payable by Obligee to Principal under the subcontract and any amendments thereto, less the amounts heretofore properly paid by Obligee under the subcontract.

Any suit under this bond must be instituted before the expiration of two years from date on which final payment under the subcontract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators or successors of the Obligee.

Signed and sealed this _____ day of _____

In the presence of:

_____    R.P. Iannuccillo & Sons
                            Construction Company
Patricia A. Roberts                                   (Seal)
                            Principal
                            By _____

                            SAFECO INSURANCE COMPANY OF AMERICA
                                                    Surety
                            By _____
                            Joseph J. Vane,  Attorney-in-Fact

® Registered trademark of SAFECO Corporation.

S-SAEF 7/88

**SAFECO**

GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
HOME OFFICE: SAFECO PLAZA
SEATTLE, WASHINGTON 98185

## SUBCONTRACT PAYMENT BOND

Bond 600617

KNOW ALL BY THESE PRESENTS, That we R.P. Iannuccillo & Sons Construction Company, 70 Calverly Street, Providence, RI 02908
(Here insert the name and address, or legal title, of the Subcontractor)

as Principal, herein called Principal, and SAFECO INSURANCE COMPANY OF AMERICA
a corporation of the State of Washington, as Surety, herein called Surety, are held and firmly bound unto Tricore, Inc., 100 Sharp St., Hingham, MA, Sherrill House, Inc., 135 South Huntington Ave., Boston, MA 02135 And Sovereign Bank, 75 State St., Boston, MA 02109
(Here insert the name and address, or legal title, of the General Contractor)

as Obligee, herein called Obligee, for the use and benefit of claimants as herein defined, in the amount of Eight Hundred Sixty Three Thousand, Four Hundred Ninety Seven & 00/100
_____ Dollars ($ 863,497.00 ),
for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated _____ entered into a subcontract with Obligee for Concrete, Footing Walls And Slabs Subcontract Work For Sherrill House - Frank Wood Expansion, Boston, MA.

which subcontract is by reference made a part hereof, and is referred to as subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That, if the Principal shall promptly make payment to all claimants as herein defined, for all labor and material used or reasonably required for use in the performance of the Subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

Claimant is defined as one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract.

The above-named Principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such Claimant's work or labor was done or performed, or materials were furnished by such Claimant, may sue on this bond in the Claimant's own name for such sums as may be justly due Claimant.

No suit or action shall be commenced hereunder by any Claimant:
(a) Unless Claimant shall have given written notice to any two of the following: The Principal, the Obligee, or the Surety above named, within ninety (90) days after such Claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made.
(b) After the expiration of one (1) year following the date on which Principal ceased work on said Subcontract.
(c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.

Signed and sealed this _____ day of _____

In the presence of:

R.P. Iannuccillo & Sons
Construction Company          (Seal)
By _____ Principal

_Teresa A. Roberts_

SAFECO INSURANCE COMPANY OF
AMERICA
By _____ Surety
Joseph J. Lane, Attorney-in-Fact

S-0482 2/98

® Registered trademark of SAFECO Corporation.