UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRICORE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA AND R.P. IANNUCCILLO & SONS CONSTRUCTION COMPANY,<br><br>        Defendants. | CIVIL ACTION NO. 1:04-CV-12393-MLW |

## ANSWER OF DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA

Defendant Safeco Insurance Company of America ("Safeco") for its answer to the Complaint of Tricore, Inc. ("Tricore") states:

1. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Safeco admits that it is a duly formed corporation licensed to do business in the Commonwealth of Massachusetts, with a principal place of business at 2800 West Higgins Road, Suite 1100, Hoffman Estates, IL.

3. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

### JURISDICTION

4. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Safeco admits the allegations contained in Paragraph 5.

6. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

## FACTS

8. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Safeco admits that a subcontract was entered into between Tricore, Inc. and R.P. Iannuccillo & Sons Construction Co. ("RPI") relative to Sherrill House-Frank Wood Expansion (the "Project"). Answering further, Safeco states that the subcontract is a written document, the terms of which are self-explanatory. Answering further, Safeco denies the allegations contained in Paragraph 9 of the Complaint to the extent they seek to modify or characterize the terms of the written document.

10. Safeco admits that it issued Performance Bond No. 600617 in the amount of $863,497.00 (the "Bond"), as surety, on behalf of RPI, as principal, relative to the Project. Answering further, Safeco states that the Bond is a written document, the terms of which are self-explanatory. Answering further, Safeco denies the allegations contained in Paragraph 10 of the Complaint to the extent they seek to modify or characterize the terms of the Bond.

11. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Safeco admits that Tricore copied Safeco on its July 1, 2003 letter to RPI. Answering further, Safeco states that the letter is a written document, the terms of which are self-explanatory. Answering further, Safeco denies the allegations contained in Paragraph 13 of the Complaint to the extent they seek to modify or characterize the terms of the written document.

14. Safeco denies the allegations contained in Paragraph 14.

15. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Safeco denies the allegations contained in Paragraph 16.

17. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Safeco denies the allegations contained in Paragraph 18.

## COUNT I - BREACH OF CONTRACT (SAFECO)

19. Safeco hereby incorporates its answers to Paragraphs 1 through 18 above as if fully set forth herein.

20. Safeco denies the allegations contained in Paragraph 20.

21. Safeco denies the allegations contained in Paragraph 21.

## COUNT II - VIOLATION OF M.G.L. c. 93A AND M.G.L. c. 176D (SAFECO)

22. Safeco hereby incorporates its answers to Paragraphs 1 through 21 above as if fully set forth herein.

23. Safeco denies the allegations contained in Paragraph 23.

24. Safeco denies the allegations contained in Paragraph 24.

25. Safeco denies the allegations contained in Paragraph 25.

## COUNT III BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING (SAFECO)

26. Safeco hereby incorporates its answers to Paragraphs 1 through 25 above as if fully set forth herein.

27. Safeco denies the allegations contained in Paragraph 27.

## COUNT IV DECLARATORY JUDGMENT (SAFECO)

28. Safeco hereby incorporates its answers to Paragraphs 1 through 27 above as if fully set forth herein.

29. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Safeco denies the allegations contained in Paragraph 31.

32. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

## COUNT V BREACH OF AGREEMENT (IANNUCCILLO)

33. Safeco hereby incorporates its answers to Paragraphs 1 through 32 above as if fully set forth herein.

34. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

-5-

35.  Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

### COUNT VI VIOLATION OF M.G.L. c. 93A (IANNUCCILLO)

36.  Safeco hereby incorporates its answers to Paragraphs 1 through 35 above as if fully set forth herein.

37.  Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.  Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.  Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

### COUNT VII - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING (IANNUCCILLO)

40.  Safeco hereby incorporates its answers to Paragraphs 1 through 39 above as if fully set forth herein.

41.  Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

### AFFIRMATIVE DEFENSES

1.  Safeco hereby asserts and incorporates all of the defenses available to its principal, RPI.

2.  Plaintiff's Complaint fails to state claims upon which relief may be granted.

3. Plaintiff's claims are barred or limited due to Plaintiff's material breach of its contract with RPI with respect to which the Bond was issued and is sought to be enforced

4. If Plaintiff has suffered any loss or damage, which Safeco denies, such loss or damage was sustained due to Plaintiff's own acts, omissions and errors or the acts, omissions and errors of other persons or entities for whom Safeco does not bear any responsibility.

5. Plaintiff's claims are barred by the statute of limitations as set forth in the Bond.

6. Plaintiff's claims are barred due to Plaintiff's failure to satisfy the conditions precedent and other requirements of the Bond.

7. Plaintiff's claims are barred as Plaintiff has waived its rights under the Bond.

8. Plaintiff's claims are barred or limited due to Plaintiff's failure to mitigate its damages.

9. Plaintiff's claims are barred or limited due to Plaintiff's acts and/or omissions which have prejudiced Safeco as surety.

10. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

WHEREFORE, having fully answered, Safeco respectfully requests that this Honorable Court enter judgment in its favor, award Safeco its costs and attorneys' fees incurred in defending this action, and grant Safeco such other and further relief as the Court deems just and appropriate.

                                      Respectfully submitted,
                                      **SAFECO INSURANCE COMPANY OF AMERICA**
                                      By its attorney,

                                      /s/ Bradford R. Carver
                                      _____
                                      Bradford R. Carver, BBO #565396
                                      Jonathan C. Burwood, BBO# 643674
                                      Cetrulo & Capone LLP
                                      Two Seaport Lane, 10th Floor
                                      Boston, MA 02110
                                      (617) 217-5500

Date: January 12, 2005

02630-0019
356595v1