UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12393MLW

TRICORE, INC.           :
                        :
VS.                     :
                        :
SAFECO INSURANCE COMPANY OF  :
AMERICA and R.P. IANNUCCILLO :
& SONS CONSTRUCTION CO. :

## AMENDED ANSWER OF DEFENDANT, R.P. IANNUCCILLO & SONS CONSTRUCTION CO. TOGETHER WITH COUNTERCLAIM AND CROSS CLAIM

### PARTIES

1.  Defendant, R.P. Iannuccillo & Sons Construction Co. ("RPI") admits the allegations contained in paragraph 1 of plaintiff's complaint.

2.  RPI neither admits nor denies the allegations contained in paragraph 2 of plaintiff's complaint as they do not concern this defendant.

3.  RPI admits the allegations contained in paragraph 3 of plaintiff's complaint.

### JURISDICTION

4.  RPI admits the allegations contained in paragraph 4 of plaintiff's complaint.

5.  RPI neither admits nor denies the allegations contained in paragraph 5 of plaintiff's complaint as they do not concern this defendant.

6.  RPI admits the allegations contained in paragraph 6 of plaintiff's complaint.

7.  RPI neither admits nor denies the allegations contained in paragraph 7 of plaintiff's complaint and leaves plaintiff to its proof thereon.

### FACTS

8.  RPI neither admits nor denies the allegations contained in paragraph 8 of plaintiff's complaint and leaves plaintiff to its proof thereon.

9.  RPI admits entering into a subcontract agreement with plaintiff and states that said subcontract speaks for itself.

10. RPI admits obtaining a contract performance bond from defendant, Safeco Insurance

Company of America ("Safeco") for the project and states that said contract performance bond speaks for itself.

11. With regard to the allegations contained in paragraph 11 of plaintiff's complaint, RPI admits receiving complaints from plaintiff regarding its performance of the subcontract and states that these complaints were unsubstantiated or that defendant, RPI, was willing and capable of correcting any alleged deficiencies in a timely manner.

12. With regard to the allegations contained in paragraph 12 of plaintiff's complaint, RPI admits that it was terminated by letter dated July 1, 2003 and states that said termination was without cause or justification pursuant to the subcontract agreement and the performance bond.

13. RPI neither admits nor denies the allegations contained in paragraph 13 of plaintiff's complaint as they do not concern this defendant.

14. RPI neither admits nor denies the allegations contained in paragraph 14 of plaintiff's complaint as they do not concern this defendant and leaves plaintiff to its proof thereon.

15. RPI neither admits nor denies the allegations contained in paragraph 15 of plaintiff's complaint as they do not concern this defendant and leaves plaintiff to its proof thereon.

16. RPI neither admits nor denies the allegations contained in paragraph 16 of plaintiff's complaint as they do not concern this defendant and leaves plaintiff to its proof thereon.

17. RPI denies the allegations contained in paragraph 17 of plaintiff's complaint.

18. RPI denies the allegations contained in paragraph 18 of plaintiff's complaint.

### COUNT I - Breach of Contract
(Safeco)

19. RPI incorporates its response to paragraphs 1 through 18 of plaintiff's complaint as if set forth in full herein.

20. RPI neither admits nor denies the allegations contained in paragraph 20 of plaintiff's complaint as they do not concern this defendant.

21. RPI neither admits nor denies the allegations contained in paragraph 21 of plaintiff's complaint as they do not concern this defendant.

### COUNT II - Violation of M.G.L. c. 93A and M.G.L. c. 176D
(Safeco)

22. RPI incorporates its response to paragraphs 1 through 21 of plaintiff's complaint as if set forth in full herein.

23. RPI neither admits nor denies the allegations contained in paragraph 23 of plaintiff's complaint as they do not concern this defendant.

24. RPI neither admits nor denies the allegations contained in paragraph 24 of plaintiff's complaint as they do not concern this defendant.

25. RPI neither admits nor denies the allegations contained in paragraph 25 of plaintiff's complaint as they do not concern this defendant.

### COUNT III - Breach of Contract of Good Faith and Fair Dealing
### (Safeco)

26. RPI incorporates its response to paragraphs 1 through 25 of plaintiff's complaint as if set forth in full herein.

27. RPI neither admits nor denies the allegations contained in paragraph 27 of plaintiff's complaint as they do not concern this defendant.

### COUNT IV - Declaratory Judgment
### (Safeco)

28. RPI incorporates its response to paragraphs 1 through 27 of plaintiff's complaint as if set forth in full herein.

29. RPI neither admits nor denies the allegations contained in paragraph 29 of plaintiff's complaint as they do not concern this defendant.

30. RPI neither admits nor denies the allegations contained in paragraph 30 of plaintiff's complaint as they do not concern this defendant.

31. RPI neither admits nor denies the allegations contained in paragraph 31 of plaintiff's complaint as they do not concern this defendant.

32. RPI neither admits nor denies the allegations contained in paragraph 32 of plaintiff's complaint as they do not concern this defendant.

### COUNT V - Breach of Agreement
### (Iannuccillo)

33. RPI incorporates its response to paragraphs 1 through 32 of plaintiff's complaint as if set forth in full herein.

34. RPI denies the allegations contained in paragraph 34 of plaintiff's complaint.

35. RPI denies the allegations contained in paragraph 35 of plaintiff's complaint.

WHEREFORE, defendant, R.P. Iannuccillo & Sons Construction Company, respectfully requests that plaintiff's complaint be dismissed and defendant be awarded its costs thereon.

### COUNT VI - Violation of M.G.L. c. 93A
### (Iannuccillo)

36. RPI incorporates its response to paragraphs 1 through 36 of plaintiff's complaint as if set forth in full herein.

37. RPI denies the allegations contained in paragraph 37 of plaintiff's complaint.

38. RPI denies the allegations contained in paragraph 38 of plaintiff's complaint.

39. RPI denies the allegations contained in paragraph 39 of plaintiff's complaint.

WHEREFORE, defendant, R.P. Iannuccillo & Sons Construction Company, respectfully requests that plaintiff's complaint be dismissed and defendant be awarded its costs thereon.

### COUNT VII - Breach of Covenant of Good Faith and Fair Dealing
### (Iannuccillo)

40. RPI incorporates its response to paragraphs 1 through 39 of plaintiff's complaint as if set forth in full herein.

41. RPI denies the allegations contained in paragraph 41 of plaintiff's complaint.

WHEREFORE, defendant, R.P. Iannuccillo & Sons Construction Company, respectfully requests that plaintiff's complaint be dismissed and defendant be awarded its costs thereon.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its material breaches of the subcontract agreement with R.P. Iannuccillo & Sons Construction Co.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part due to its failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

Any damage allegedly incurred by plaintiff has been caused by others for whom defendant is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited to the extent the plaintiff did not comply with the conditions precedent set forth in the subcontract agreement and/or the performance bond.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim against defendant pursuant to the subcontract agreement is subject to back charges and/or set offs by R.P. Iannuccillo & Sons Construction Co.

## SIXTH AFFIRMATIVE DEFENSE

The fair and reasonable value of plaintiff's claim does not meet the diversity jurisdiction requirements specified by 28 USC §1332.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is subject to mandatory arbitration/mediation pursuant to the terms of the subcontract agreement.

Defendant,
*R.P. Iannuccillo & Sons Construction Co.*
By their Attorneys:

David M. Campbell, Esq. (BBO 645512)
*Visconti & Boren, Ltd.*
55 Dorrance Street
Providence, RI 02903
*Telephone:* 401/331-3800
*Facsimile:* 401/421-9302

## COUNTERCLAIM AGAINST TRICORE, INC.

1. Defendant and counterclaim-plaintiff, R.P. Iannuccillo & Sons Construction Co. ("RPI") provided valuable labor and materials to plaintiff and counter-defendant, Tricore, Inc. ("Tricore") pursuant to a subcontract agreement on a project known as "Sherrill House-Frank Wood Expansion" in Boston, Massachusetts ("the Project").

2. Tricore entered into an agreement to perform services as a general contractor for Sherrill House, Inc. relating to said project and as required by the general contract, Tricore obtained a payment bond guaranteeing payment to subcontracts providing labor and materials upon the project.

3. Tricore obtained contract payment Bond No. 600617 from crossclaim-defendant, Safeco

5

Insurance Company of America ("Safeco") in the amount of $8.4 million. (See attached Exhibit 1).

4. During the course of the work performed by RPI pursuant to the subcontract agreement, disputes arose between RPI and Tricore regarding various payment and performance issues.

5. During the performance of the subcontract work, RPI repeatedly notified Tricore of its persistent failure to comply with the subcontract agreement and maintain the job progress schedule.

6. Specifically, Tricore failed to properly schedule the subcontract work and provide RPI timely access to the subcontract work; improperly interfered with the performance of work by RPI; and failed to make timely payments of subcontract monies owed to RPI.

7. Tricore wrongfully terminated RPI from the project by letter dated July 1, 2003 and Tricore notified Safeco that it was seeking the benefits and protections of the performance bond obtained by RPI for the project.

8. The original subcontract price was $863,497 with change orders in the amount of $1,997 for an adjusted contract price of $865,494. The work completed by RPI prior to termination had a value of $773,433 with a balance to complete of $92,061. Tricore paid RPI $649,065 for its work.

9. RPI is owed $47,025 for contract work performed as reflected by pay application No. 11 and $77,343 in contract retainage monies for a total of $124,368 owed for labor and materials provided by RPI pursuant to the subcontract agreement with Tricore.

### COUNT I - Breach of Contract (Tricore)

10. RPI repeats the allegations contained in previous paragraphs as if set forth in full herein.

11. Tricore breached the subcontract agreement with RPI by failing and refusing to pay RPI for labor and materials provided on the project and by wrongfully terminating RPI without cause or justification.

12. As a direct and proximate result of Tricore's breach, RPI has sustained substantial contract damages, including lost profits, contract balance and contract retainage.

WHEREFORE, R.P. Iannuccillo & Sons Construction Co., respectfully demands that this honorable court award damages against defendant, Tricore, Inc., plus interest, costs and reasonable attorney's fees.

### COUNT II - Quantum Meruit (Tricore)

13. RPI repeats the allegations contained in previous paragraphs as if set forth in full herein.

14. Tricore has received the full benefit and value of the labor and materials delivered by RPI to the project and Tricore has failed and refused to make fair payment for said labor and materials.

15. Tricore has been unjustly enriched at the expense of RPI and RPI is entitled to payment for the fair value of the labor and materials provided on the project prior to the wrongful termination.

WHEREFORE, R.P. Iannuccillo & Sons Construction Co., respectfully demands that this honorable court award damages against defendant, Tricore, Inc., plus interest, costs and reasonable attorney's fees.

### COUNT III - Violation of M.G.L. c. 93A (Tricore)

16. RPI repeats the allegations contained in previous paragraphs as if set forth in full herein.

17. RPI has complied in all respects with its duties and obligations pursuant to the subcontract agreement, providing labor and materials in a timely and workmanlike manner, without fault or defect, and has been always willing and capable of completing its performance of the subcontract agreement.

18. Tricore has failed and refused to comply with its duties and obligations pursuant to the subcontract agreement and has acted without justification and in bad faith by wrongfully refusing to make fair payment to RPI and wrongfully terminating the subcontract agreement with RPI..

19. The intentional and willful actions of Tricore and its treatment of RPI on the project represent unfair and/or deceptive acts and practices in violation of M.G.L. c. 93A.

20. As a direct and proximate result of Tricore's wrongful conduct as described herein, RPI has incurred substantial damages and will continue to incur additional damages and attorney's fees.

WHEREFORE, plaintiff, R.P. Iannuccillo & Sons Construction Co., demands that judgment be entered in its favor and against Tricore, Inc., for its damages, attorney's fees and treble damages pursuant to M.G.L. c. 93A.

### CROSS CLAIM AGAINST SAFECO INSURANCE COMPANY OF AMERICA

### COUNT I - Payment Bond Claim (Safeco)

1. RPI repeats the allegations contained in previous paragraphs of the counterclaim as if set forth in full herein.

2. The payment bond issued by Safeco obligates Safeco to pay RPI for the labor and materials

provided to Tricore on the project pursuant to the subcontract agreement which Tricore is unable or unwilling to pay to RPI.

3. RPI is owed contract monies and contract retainage on the project and Safeco owes the outstanding balance of $124,368 to RPI pursuant to the payment bond and the subcontract agreement with Tricore and/or for quantum meruit.

WHEREFORE, plaintiff, R.P. Iannuccillo & Sons Construction Co., demands that judgment be entered in its favor and against Safeco Insurance Company of America in the amount of $124,368 plus interest, legal fees and costs of this action.

### COUNT II - Violation of M.G.L. c. 93A and 176D (Safeco)

4. RPI repeats the allegations contained in previous paragraphs of the counterclaim as if set forth in full herein.

5. Safeco has failed and refused to conduct a reasonable, independent investigation of the claim made by RPI against the payment bond.

6. Safeco has failed to effectuate the prompt and fair settlement of the claim made by RPI for which liability is clear.

7. Safeco has compelled RPI to initiate litigation and expend resources by refusing to acknowledge any liability and asserting defenses with no basis in law or fact.

8. Safeco's handling of RPI's payment bond claim represents "unfair claims settlement practices" violative of M.G.L. c. 176D and unfair and/or deceptive acts in violation of M.G.L. c. 93A.

WHEREFORE, plaintiff, R.P. Iannuccillo & Sons Construction Co., demands that judgment be entered in its favor and against Safeco Insurance Company of America pursuant to M.G.L. c. 176D and M.G.L. c. 93A for damages, attorney's fees and treble damages.

Defendant/Counterclaim Plaintiff
*R.P. Iannuccillo & Sons Construction Co.*
By their Attorneys:

David M. Campbell, Esq. (BBO 645512)
*Visconti & Boren, Ltd.*
55 Dorrance Street
Providence, RI 02903
*Telephone:* 401/331-3800
*Facsimile:* 401/421-9302

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this \_\_5th\_\_ day of May, 2005, to:

Edward D. Kutchin, Esquire
Kerry R. Northup, Esquire
Kutchin & Rufo, P.C.
155 Federal Street
Boston, MA 02110

Bradford R. Carver, Esquire
Jonathan C. Burwood, Esquire
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02110

Dennis C. Cavanaugh, Esquire
Brown, Raysman, Millstein, Felder & Steiner
Cityplace II, 10th Floor
185 Asylum Street
Hartford, CT 06103

*[signature]*