UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUSETTS

| | |
|---|---|
| TRICORE, INC. | CIVIL ACTION NO. |
| | 04-12393 (MLW) |
| VS. | |
| SAFECO INSURANCE COMPANY OF AMERICA and R.P. IANNUCCILLO & SONS CONSTRUCTION CO. | MAY 25, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR MORE DEFINITE STATEMENT**

Pursuant to LR, D. Mass 7.1(B) and Fed. R. Civ. P. 12(e), the Cross Claim Defendant, Safeco Insurance Company of America ("Safeco"), respectfully submits this Memorandum of law in Support of its Motion for More Definite Statement.

I.   **FACTUAL ALLEGATIONS**

On May 5, 2005 Cross Claim Plaintiff, R.P. Iannuccillo & Sons Construction Co. ("RPI") filed an Amended Answer, Counterclaim and Cross Claim. The Cross Claim was directed to the Cross Claim Defendant, Safeco. The Cross Claim attempts to assert causes of action against Safeco for breach of its obligations under a construction Payment Bond (Count I) and for violations of M.G.L. c. 93A and 176D. In attempting to set forth these claims, the Cross Claim Plaintiff incorporates various allegations from its Counterclaim against Tricore, Inc. However, the Cross Claim Plaintiff fails to specify which allegations are being incorporated from the Counterclaim into its Cross Claim.

Paragraph 1 of both Counts I and II of the Cross Claim states "RPI repeats the allegations contained in previous paragraphs of the counterclaim as if set forth in full herein." RPI does not identify the specific allegations being incorporated thereby rendering the Cross Claim vague and ambiguous. Since the Counterclaim asserts causes of action against Tricore for breach of contract, quantum meruit and violations of M.G.L. c. 93A, incorporation of all of these allegations would likewise render the Cross Claim counts vague and ambiguous.

## II.  ARGUMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

"The Federal Rules of Civil procedure provide for a motion for a more definite statement where a complaint is so 'vague or ambiguous that a party cannot reasonably be required to frame a responsive answer." Fease v. Town of Shrewsbury, 188 F. Supp. 2d 16 (D. Mass. 2002)

The standard by which a cross claim is judged is Rule 8(a) of the Federal Rules of Civil Procedure, which provides that a claim for relief should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In the action at bar, the Cross Claim fails to identify the allegations which form

each of the two Counts. As such, the Cross Claim Defendant cannot reasonably respond to the Cross Claim.

### III. CONCLUSION

Wherefore, for the foregoing reasons, the undersigned Cross Claim Defendant respectfully requests that the Court order a more definite statement that articulates which allegations are being incorporated into The Cross Claim filed by Defendant, R. P. Iannuccilo & Sons Construction Co.

CROSS CLAIM DEFENDANT,
SAFECO INSURANCE COMPANY
OF AMERICA

By _____
Dennis C. Cavanaugh
Brown Raysman Millstein Felder &
Steiner LLP
Its Attorneys

## CERTIFICATION

This is to certify that on May 25, 2005, a copy of the foregoing was mailed, postage pre-paid or delivered electronically or by facsimile to the following:

Bradford Carver, Esq.
Jonathan C. Burwood, Esq.
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02110

Edward D. Kutchin, Esq.
Kutchin & Rufo
155 Federal Street
Boston, MA 02110

David M. Campbell, Esq.
Bisconti & Boren, Ltd.
55 Dorrance Street
Providence, RI 02903

_____
Dennis C. Cavanaugh

HARTFORD 121113v1