UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| TRICORE, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 04-12393-JGD |
| v. | ) | |
| | ) | |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, and R.P. IANNUCCILLO & | ) | |
| SONS CONSTRUCTION CO., | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## AFFIDAVIT OF JONATHAN C. BURWOOD IN SUPPORT OF SAFECO INSURANCE COMPANY OF AMERICA'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

I, Jonathan C. Burwood, having been duly sworn, hereby depose and state as follows:

1.      I am an attorney licensed to practice in the Commonwealth of Massachusetts with the law firm of Hinshaw & Culbertson LLP. I am one of the attorneys of record for Defendant Safeco Insurance Company of America ("Safeco(RPI)"). I make this affidavit upon my own personal knowledge, upon my conversations with other attorneys who are involved with this matter, and upon additional information made known to me in my capacity as counsel for Safeco(RPI), which is contained in the business records of Safeco(RPI).

2.      On July 19, 2005, Tricore, RPI, Safeco(RPI), and Safeco(Tricore) participated in a mediation through the Court's Alternative Dispute Resolution Program with the Hon. Charles B. Swartwood, III.

3.      Heading into the mediation, Tricore sought recovery from Safeco(RPI) and RPI in excess of $500,000.00.

4.     Following a full day of mediation, Safeco(RPI) ultimately agreed to settle Tricore's claims for payment of $300,000.00.  In return, Tricore agreed to dismiss with prejudice its claims against Safeco(RPI) and RPI.

5.     Despite the best efforts of the parties and the mediator, RPI was not willing to participate in the settlement reached on July 19, 2005.  In the interest of resolving Tricore's claims, Safeco(RPI) agreed to utilize its broad powers under the indemnity agreement executed by RPI to dismiss RPI's counterclaim against Tricore, as well as RPI's cross-claim against RPI(Tricore) under the payment bond.  The power of attorney provisions of the RPI indemnity agreement grant Safeco(RPI) the authority to settle claims asserted by or against RPI in the interest of resolving bonded obligations.  Safeco(RPI), however, was not in a position to dismiss RPI's claim against Safeco(Tricore) under M.G.L. 93A and 176D.

6.     All of the parties, including Tricore, were aware at the mediation that RPI's bad faith claim against Safeco(Tricore) would remain intact despite the settlement.  Counsel for Tricore, Safeco(RPI), and Safeco(Tricore) expressly discussed the ramifications of continuing to defend RPI's bad faith claim; namely that Tricore and its co-indemnitors will ultimately be responsible for any monies expended by Safeco(Tricore) as a result of RPI's claim, including all associated costs and attorneys' fees.  During the course of that discussion, counsel for Safeco(RPI), Safeco(Tricore) and Tricore agreed that RPI's bad faith claims were without merit, and could be easily disposed, either voluntarily by RPI, or through a dispositive motion.

7.     Consistent with that understanding, Tricore expressly and unequivocally agreed to accept $300,000.00 in exchange for a dismissal and release of its claims against Safeco(RPI).

2

On this basis, the parties met with Judge Swartwood late in the afternoon on July 19, 2005 and reported the settlement of Tricore's claims.

8.    Consistent with the parties' agreement, Judge Swartwood filed a <u>Report of Alternative Dispute Resolution Provider</u> with the Court on or about July 21, 2005. The report indicates that "[t]he major claim in this case has been settled, but there remains a counterclaim [sic] that R.P. Iannuccillo & Sons has asserted against Safeco Insurance Company of America which has yet to be resolved." Judge Swartwood's report accurately reflects that Tricore's claims were settled through mediation on July 19, 2005. Attached hereto as <u>Exhibit A</u> is a true and accurate copy of Judge Swartwood's <u>Report of Alternative Dispute Resolution Provider</u>.

9.    On August 4, 2005, counsel for Tricore forwarded a draft Settlement Agreement to counsel for Safeco(RPI) and Safeco(Tricore). Counsel's correspondence accompanying the Settlement Agreement read:

> I am attaching a copy of the proposed Settlement Agreement relative to the lawsuit between Tricore, RPI and Safeco. Please review the document and then contact me with any questions or comments you have. I left voice messages for the three of you to inform you that Tricore is not interested in accepting the proposed tendering of the defense of [Safeco(Tricore)] in the cross claim action brought by RPI. Rather, we believe it is far better for [counsel for Safeco(Tricore)] to continue to represent [Safeco(Tricore)] and then when [counsel for Safeco(Tricore)] finally gets rid of the action [Safeco(Tricore)] has its rights under the General Indemnity Agreement. I hope we can resolve this part of the case very shortly. I will look forward to hearing from you shortly.

Attached hereto as <u>Exhibit B</u> is a true and accurate copy of counsel's August 4, 2005 correspondence and the accompanying Settlement Agreement.

10.    A review of the accompanying Settlement Agreement, prepared solely by counsel for Tricore, unequivocally indicates that Tricore settled its claims on July 19, 2005. In fact, the

recitals section of the Settlement Agreement expressly provides "[w]hereas, Tricore and Safeco have mutually and voluntarily chosen to resolve their claims and defenses without further litigation pursuant to this Agreement." See Exhibit B.

11.    The balance of the Agreement contains standard settlement provisions, including limited releases by both Tricore and Safeco.  See Exhibit B, Article II, §§ 23. and 2.5.  It is again significant to note that Tricore prepared the Settlement Agreement, and Tricore elected to include "limited" as opposed to "full" or "general" releases.  The limited nature of the releases between Tricore and Safeco is reflective of the fact that, as referenced above, Tricore and its surety Safeco(Tricore) have unfinished business with respect to any loss or costs incurred by Safeco(Tricore) as a result of RPI's surviving bad faith claim.   As Tricore is obligated to reimburse Safeco(Tricore) for any losses pursuant to its indemnity obligations, Tricore expressly "carved-out" this exposure from the Settlement Agreement.  Id.

12.    Specifically, the limited releases prepared by Tricore contain the following reservation:

> Notwithstanding the foregoing or any other provision herein contained, under no circumstances shall this provision be deemed a release [by either party] of any rights or obligations under the terms of either Payment Bond No. 600617 issued by Safeco to Tricore on the Project or the General Agreement of Indemnity for Contractors entered into by and between Safeco and Tricore on January 28, 2002.

> Id.

13.    Consistent with the parties understanding at the close of mediation, the Settlement Agreement prepared by Tricore expressly reserves the parties' rights with respect to Tricore's indemnity obligation to Safeco(Tricore).  As noted above, this "carve-out" is emphasized by counsel's correspondence accompanying the Settlement Agreement, which expressly declines Safeco(Tricore)'s offer to tender the defense of RPI's bad faith claim to Tricore, and further acknowledges that Safeco(Tricore) will retain its indemnity recourse against Tricore, despite the

settlement and release of all other claims between Tricore and Safeco(RPI) as set forth in the Settlement Agreement.  See Exhibit B.

14.     On August 12, 2005, undersigned counsel for Safeco(RPI) participated in a telephone conference with counsel for Tricore regarding the Settlement Agreement.  During that telephone conference, counsel discussed the "carve-out" discussed above, and counsel for Tricore again acknowledged that Tricore's existing indemnity obligation would remain intact, and that there was no reason for that indemnity obligation to stand in the way of the settlement reached between Tricore and Safeco(RPI) on July 19, 2005.

15.     On August 19, 2005, counsel for Tricore directed correspondence to counsel for Safeco(RPI) and Safeco(Tricore) inquiring as to any questions or comments regarding the Settlement Agreement, and expressing Tricore's interest in "finalizing our settlement."  Attached hereto as Exhibit C is a true and accurate copy of counsel's August 19, 2005 correspondence.

16.     On September 13, 2005, undersigned counsel forwarded to Tricore's counsel Safeco(RPI)'s proposed edits to the Settlement Agreement.  Safeco(RPI)'s edits were minimal. Notably, Safeco(RPI) did not have any objection to the indemnity "carve-out" proposed by Tricore.  Safeco(Tricore) has since reviewed the Settlement Agreement and finds the indemnity reservation proposed by Tricore acceptable as well.  Attached hereto as Exhibit D is a true and accurate copy of Safeco(RPI)'s September 13, 2005 edits to the Settlement Agreement.

17.     On September 14, 2005, the parties appeared before the Court for a Status Conference to discuss RPI's surviving cross-claim against Safeco(Tricore).  During the Status Conference, the parties recapped the settlement of July 19, 2005 for the Court, and spent a considerable amount of time discussing how best to proceed with RPI's surviving bad faith claim.  Although the parties acknowledged that a resolution of RPI's surviving claim would

result in a more comprehensive settlement, and such a resolution would understandably impact the scope of the Settlement Agreement, at no time during the Status Conference did Tricore report that the Settlement reached on July 19, 2005 was in dispute. At the end of the Status Conference, the Court directed RPI to make a decision regarding its intention to prosecute the bad faith claim against Safeco(Tricore) on or before October 7, 2005. In the event RPI chose to pursue the claim, the Court directed Safeco(Tricore) to file its dispositive motion by November 1, 2005. As RPI ultimately refused to dismiss its claim, Safeco(Tricore) filed a Motion for Summary Judgment on November 4, 2005, which is presently pending.

18.    On or about November 16, 2005, counsel for Tricore sought the assent of opposing counsel to extend the December 15, 2005 discovery cut-off. As Tricore's claims have been settled, both Safeco(RPI) and Safeco(Tricore) did not see any reason to extend the discovery cut-off. In communicating this position to counsel for Tricore, undersigned counsel indicated in correspondence that "the Tricore performance bond claim against Safeco (as RPI's surety) is settled." Tricore's counsel did not make any effort to refute that assertion until undersigned counsel insisted on December 1, 2005 that the parties resolve any minor edits and execute the Settlement Agreement. Attached hereto as <u>Exhibit E</u> is a true and accurate copy of counsels' correspondence from November 16, 2005.

19.    In response, and for the first time, Tricore expressed its refusal to execute the Settlement Agreement unless Safeco(Tricore) agreed to waive its indemnity rights against Tricore. Tricore now maintains that waiver of the indemnity obligation was a condition of the settlement reached on July 19, 2005. Attached hereto as <u>Exhibit F</u> is a true and accurate copy of counsel's correspondence dated December 5, 2005.

20.    In support of this position, Tricore's counsel directed correspondence to counsel for Safeco on or about December 5, 2005 containing the following assertions:

"It is important to remember the specific reason why [Tricore] has consistently stated that the settlement of the lawsuit was contingent upon a complete dismissal of all claims and counterclaims in the lawsuit by all parties and an exchange of general releases by all parties relating to the lawsuit."

"As I have continuously told you and [counsel for Safeco(Tricore)] on numerous occasions and also explained to Judge Dein on September 14, when the settlement was reached between Safeco and Tricore at the end of the mediation … it was agreed by Safeco … that Tricore would receive payment of $300,000, a total release from both Safeco and RPI relative to the subject project and its obligations to [Safeco(Tricore)] under its general indemnity agreement and that the entire lawsuit would be dismissed."

"However, counsel for all parties realized after the settlement was agreed upon that Safeco did not have the authority to dismiss RPI's [bad faith claim] against Safeco and therefore the entire lawsuit could not be dismissed and the basic premise for which the settlement had been agreed upon could not be effectuated."

See Exhibit F.

21.    Although the record speaks for itself, Safeco(RPI) is compelled to identify the most glaring inconsistencies with respect to Tricore's efforts at revisionist history:

·Tricore has not *consistently stated* that an indemnity waiver was a term of the settlement.  Counsel's December 5, 2005 correspondence was the first and only time Tricore took this position.

·Tricore was well aware that the settlement would not result in a *dismissal of all claims*.  Tricore acknowledged that RPI's bad faith claim would survive as evidenced by the fact that Tricore never disputed Judge Swartwood's ADR Report of July 21, 2005.  Moreover, counsel's correspondence dated August 4, 2005 (enclosing the Settlement Agreement) discussed strategy for defending the surviving bad faith claim.

See Exhibit A and Exhibit B.

·Tricore never expected to receive a *general release* or *total release* as (and this point cannot be stressed enough) Tricore drafted the Settlement Agreement and expressly included "limited" releases preserving Tricore's indemnity obligation to Safeco(Tricore).  Tricore never had any expectation that Safeco(Tricore) would release its indemnity rights.  If this were the case, why would Tricore have included the indemnity "reservation" in the Settlement Agreement?

7

See Exhibit B and Exhibit C.

·The dismissal of RPI's bad faith claim against Safeco(Tricore) was never a *basic premise* for the settlement reached on July 19, 2005.   Safeco and Tricore discussed the survival of this claim, and collectively agreed that the claim was without merit and subject to dismissal, either voluntarily or through a dispositive motion.   Tricore's understanding in this regard is evidenced by counsel's correspondence dated August 4, 2005 discussing strategy for resolving RPI's surviving claim, and (again) the Settlement Agreement's reservation of the corresponding indemnity obligation.

See Exhibit B and Exhibit C.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 4th DAY

OF JANUARY, 2006.

/s/ Jonathan C. Burwood

_____

Jonathan C. Burwood

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRICORE, INC.

Plaintiff(s)

V.

SAFECO INSURANCE COMPANY OF AMERICA, ET AL

Defendant(s)

CIVIL ACTION

NO. 04-12393-JGD

REPORT RE: REFERENCE FOR
ALTERNATIVE DISPUTE RESOLUTION

TO JUDGE  DEIN

SWARTWOOD, C.M.J.

On    July 19, 2005    I held the following ADR proceeding:

____  EARLY NEUTRAL EVALUATION    X  MEDIATION

____  MINI-TRIAL    ____  SUMMARY JURY TRIAL

____  SETTLEMENT CONFERENCE

All parties were represented by counsel  [except _____]

The parties  were present in person or by authorized corporate officer [except _____].

The case was:

[X]  The major claim in this case has been settled, but there remains a counterclaim that R.P. Iannuccillo &
Sons has asserted against Safeco Insurance Company of America which has yet to be resolved.  I suggest
that Magistrate Judge Dein schedule a status conference to determine what needs to be done to dispose
of the counterclaim.

[ ]  There was progress.  A further conference has been scheduled for _____ unless the case is
reported settled prior to that date.

[ ]  Further efforts to settle this case at this time are, in my judgment, unlikely to be productive.  This case
should be restored to your trial list.

[ ]  Suggested strategy to facilitate settlement:

_____

_____

_____    /s/Charles B. Swartwood, III_____    DATE
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE

(adrrpt. - 01/96)    [adrrpt.]



**"Edward D. Kutchin"**
**<ekutchin @kutchinrufo .com>**

08/04/2005 01:19 PM

Please respond to
<ekutchin@kutchinrufo.com>

To  "Jonathan C. Burwood" <JBurwood@hinshawiaw.com>

cc

bcc

Subject  FW: Settlement Agreement-Tricore/RPI

History:        🖻 This message has been forwarded.


Edward D. Kutchin, Esq.
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
Tel:   (617) 542-3000
Fax:   (617) 542-3001
E-mail: ekutchin@kutchinrufo.com

-----Original Message-----
From: Edward D. Kutchin [mailto:ekutchin@kutchinrufo.com]
Sent: Thursday, August 04, 2005 1:03 PM
To: Dennis Cavanaugh; Jonathan Burwood; Bradford R. Carver
Cc: Paul Jacobson; Kerry Northup
Subject: Settlement Agreement-Tricore/RPI

Gentlemen,

I am attaching a copy of the proposed Settlement Agreement relative to the
lawsuit between Tricore, RPI and Safeco.  Please review the document and
then contact me with any questions or comments you have.  I left voice
messages for the three of you to inform you that Tricore is not interested
in accepting the proposed tendering of the defense of Safeco in the cross
claim action brought by RPI.  Rather, we believe it is far better for Dennis
to continue to represent Safeco and then when Dennis finally gets rid of the
action Safeco has its rights under the General Indemnity Agreement.  I hope
we can resolve this part of the case very shortly.  I will look forward to
hearing from you shortly.

Ed

Edward D. Kutchin, Esq.
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
Tel:   (617) 542-3000
Fax:   (617) 542-3001
E-mail: ekutchin@kutchinrufo.com



Settlement Agmt_v01.doc

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into this __ day of August, 2005, by and among Tricore, Inc., a Massachusetts corporation ("Tricore"), Safeco Insurance Company of America, an insurance corporation licensed to do business in Massachusetts ("Safeco"), on its own behalf and on behalf of R.P. Iannuccillo & Sons Construction Co., a Rhode Island corporation ("RPI") pursuant to a valid power of attorney.

### RECITALS

WHEREAS, Tricore commenced a lawsuit in the United States District Court for the District of Massachusetts, entitled "Tricore, Inc. v. Safeco Insurance Co. of America, et al.", Civil Action No. 04-12393MLW (the "Lawsuit"), and RPI has asserted counterclaims against Tricore and cross-claims against Safeco;

WHEREAS, each party disputes the others' claims as asserted in the Lawsuit;

WHERAS, Tricore and Safeco have mutually and voluntarily chosen to resolve their claims and defenses without further litigation pursuant to this Agreement; and

WHEREAS, Safeco has the authority to enter into and execute this Agreement on behalf of RPI pursuant to the power of attorney set forth in that certain General Agreement of Indemnity for Contractors entered into by and between Safeco and RPI on _____, 200_ ("RPI General Indemnity").

NOW THEREFORE, in consideration of the terms and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, each to the other, the parties hereby agree as follows:

### ARTICLE I
### DEFINITIONS

For purposes of this Agreement, the following terms have the meanings specified or referenced below:

"Agreement" means this Settlement Agreement.

"Business Day" shall mean any day that the Federal District Court for the District of Massachusetts is not closed for business.

"Effective Date" shall mean the second Business Day following the date of execution of this Agreement.  In the event Safeco fails to pay the RPI Settlement Amount by the end of business of the Effective Date, or the representations and warranties of Safeco shall not be true, correct and accurate in all material respects on the Effective Date, or if Safeco shall fail to perform any of its obligations or covenants hereunder by the Effective Date, then the terms and provisions of this Agreement shall be rendered null and void and of no further force and effect, and any monies paid by Safeco to Tricore shall be promptly returned.

"Project" shall mean that certain construction project relating to the renovation and expansion of a nursing home facility in Boston, Massachusetts for which (a) Tricore was engaged as a general contractor/construction manager by Sherrill House, Inc., the owner of the land on

which the construction project was to occur, and (b) RPI was engaged as a subcontractor by Tricore.

"RPI Settlement Amount" shall mean the amount Safeco shall pay to Tricore on behalf of RPI of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00).

## ARTICLE II
### SETTLEMENT AND RELEASE OF CLAIMS

2.1    Payment of RPI Settlement Amount.  On the Effective Date, Safeco shall pay the RPI Settlement Amount to Tricore by bank check of immediately available funds or wire transfer.

2.2    Forgiveness of Bond Premium.  On or within 30 days after the Effective Date, Safeco shall cancel and forgive the sum of fifty thousand dollars ($50,000) of any unpaid portion of the premium due and owing by Tricore to Safeco for that certain payment bond issued by Safeco on the Project.

2.3    Limited Release by Tricore.  Subject to the terms of this Agreement, upon receipt of the payments to be made pursuant to Sections 2.1 and 2.2 hereof, Tricore, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge each of RPI and Safeco, and each of their agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the Commonwealth of Massachusetts, or any other state, and any claims at common law including contract or tort law, which Tricore ever had, now has, or can, shall or may have as of the date of this Agreement by reason of, on account of, or arising out of, related to, or in connection with the Project and/or the facts alleged and/or the claims asserted in the Lawsuit.  Notwithstanding the foregoing or any other provision herein contained, under no circumstances shall this provision be deemed a release by Tricore of any rights or obligations under the terms of either Payment Bond No. 600617 issued by Safeco to Tricore on the Project or the General Agreement of Indemnity for Contractors entered into by and between Safeco and Tricore on June 28, 2002 ("Tricore General Indemnity").

2.4    Limited Release by RPI.  Subject to the terms of this Agreement, RPI, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, upon Tricore's receipt of the RPI Settlement Amount, does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge Tricore and each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the Commonwealth of Massachusetts, or any other state, and any claims at common law including contract or tort law, which RPI ever had, now has, or can, shall or may

2

have as of the date of this Agreement by reason of, on account of, or arising out of, related to, or in connection with the Project and/or the facts alleged and/or the claims asserted in the Lawsuit.

2.5     <u>Limited Release by Safeco</u>.  Subject to the terms of this Agreement, Safeco, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, upon Tricore's receipt of the RPI Settlement Amount, does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge Tricore and each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the Commonwealth of Massachusetts, or any other state, and any claims at common law including contract or tort law, which Safeco ever had, now has, or can, shall or may have as of the date of this Agreement by reason of, on account of, or arising out of, related to, or in connection with the Project and/or the facts alleged and/or the claims asserted in the Lawsuit. Notwithstanding the foregoing or any other provision herein contained, under no circumstances shall this provision be deemed a release by Safeco of any rights or obligations under the terms of either Payment Bond No. 600617 issued by Safeco to Tricore on the Project or the Tricore General Indemnity.

2.6     <u>No Release by RPI with Respect to Claims Asserted Against Safeco</u>. Notwithstanding any other provision herein contained, under no circumstances shall this Agreement be deemed to contain a release by RPI with respect to any of the cross claims asserted by it against Safeco in the Lawsuit.

**ARTICLE III**
**STIPULATION OF DISMISSAL**

3.1     <u>Stipulation by Tricore</u>.  Subject to the terms of this Agreement, upon receipt of the payments to be made pursuant to Sections 2.1 and 2.2 hereof, Tricore shall execute and file a Stipulation of Dismissal in the form attached hereto as **Exhibit A.**  Said stipulation shall provide that Tricore dismisses the Lawsuit against both of RPI and Safeco with prejudice, and without costs, with Tricore waiving all right of appeal.

3.2     <u>Stipulation by RPI</u>.  On the Effective Date, Safeco, as attorney-in-fact on behalf of RPI, shall execute and file a Stipulation of Dismissal in the form attached hereto as **Exhibit B.** Said stipulation shall provide that RPI dismisses the Lawsuit against Tricore with prejudice and without costs, with RPI waiving all right of appeal.

3.3     <u>Further Acts</u>.  The parties hereto agree to sign, seal, acknowledge and deliver such additional instruments, documents and papers, and to do such other acts and things as may be necessary or appropriate to carry out the intent of this Agreement.

**ARTICLE IV**
**REPRESENTATIONS / INDEMNIFICATION**

4.1     <u>Representations of Each Party</u>.  Each of the parties hereto hereby represents and warrants to the others, with respect to itself, that:

3

(a)     Each party executing this Agreement has the full corporate power and authority to enter into this Agreement and the other agreement(s) and instrument(s) contemplated hereby to which it is or is to be a party and to carry out its obligations hereunder and thereunder;

(b)     The execution and delivery by such party of this Agreement and the other agreement(s) and instrument(s) contemplated hereby to which it is or is to be a party and the consummation by such party of the transactions contemplated hereby and thereby have been duly authorized by all necessary corporate action on its part;

(c)     This Agreement and the other agreement(s) and instrument(s) contemplated hereby to which it is a party have been (and upon the execution and delivery thereof), the other agreement(s) and instrument(s) contemplated hereby to which it is a party will be duly executed and delivered by the parties and constitute the legal, valid and binding obligations of such party, enforceable against such party in accordance with their respective terms;

(d)     The parties acknowledge that they have read the terms of this Agreement, that they have had an opportunity to be or have been assisted and advised by counsel with respect to this Agreement, that the terms of this Agreement are fully understood by them, and that they have entered into this Agreement voluntarily and with full knowledge of the effect thereof;

(e)     All parties acknowledge that each executed this Agreement without any threat, force, fraud, duress or representation of any kind by any person or entity other than those stated and/or referenced herein, and that each party acknowledges that they are aware of the rights to which they otherwise were entitled by reason of the lawsuit;

(f)     Such party is the sole owner of the actual or alleged claims, demands, rights, causes of action and other matters which are herein released, that the same have not been assigned, transferred or disposed of and that they have the full right and power to grant, execute and deliver the releases and agreements herein contained;

(g)     All parties acknowledge that they have not previously sold, transferred, granted any interest in, encumbered and/or otherwise assigned any right, title, and/or interest which is purportedly being granted hereunder; and

(h)     Safeco represents and warrants that it has full power and authority to enter into this Agreement on behalf of RPI by virtue of the terms of the RPI General Indemnity.

(i)     Safeco agrees to indemnify and hold harmless Tricore and its officers, directors, employees, agents, successors and assigns, from all liens, claims, lawsuits, and demands for arbitration (collectively "Claims" or "Claim") of whatever kind or nature, and all expenses incurred, including reasonable attorneys' fees and costs of defense, for or on account of or in any way growing out of any and all claims asserted by RPI relative to either the Lawsuit or the Project. Safeco shall defend Tricore against any such Claim with counsel reasonably acceptable to Tricore. Safeco agrees to defend against any Claim filed against Tricore with respect to the subject of the indemnity contained herein. In the event of any Claim made against Tricore for which the indemnification set forth hereinabove applies, Tricore shall send written notice along with copies of all documentation received regarding the Claim to Safeco at its address set forth in this Agreement within ten (10) days of receipt of said documents. Safeco shall have the sole authority for the

direction of the defense and shall be the sole judge of the acceptability of any compromise or settlement of any Claims against Tricore and which is paid solely by Safeco. In the event Safeco fails to notify Tricore of its desire to defend any Claim within said ten (10) day time period, then Tricore shall have the right to defend the Claim at Safeco's sole cost and expense and may employ attorneys of its own selection to appear and defend the Claim on behalf of Tricore.

(j)    Tricore shall assist and cooperate with Safeco, to the extent reasonably possible, in connection with the preparation and presentation of any claims relative to the Project in the expected litigation against RPI. Tricore shall disclose all information necessary and required or reasonably requested by Safeco relative to the Project as long as such information is not subject to the attorney-client privilege or deemed to be confidential in nature.

## ARTICLE V
## MISCELLANEOUS

5.1    <u>Compromise of Disputed Claims</u>. It is understood and agreed that this Agreement represents a compromise of disputed claims and that nothing contained in this Agreement shall be an admission or be construed as an admission of liability or lack thereof by or on behalf of any party.

5.2    <u>Expenses</u>. The parties hereto shall each pay their own respective costs and expenses, including attorneys' fees, incurred in connection with the subject matter of this Agreement.

5.3    <u>Complete Agreement</u>. This Agreement is intended by the parties as the final expression of their agreement and as a complete and exclusive statement of the terms and provisions thereof. The parties further declare and represent that no promise, inducement or agreement not herein expressed has been made to any of the undersigned.

5.4    <u>Notice</u>. Any notice required pursuant to this Agreement shall be deemed duly given if sent by hand delivery or registered or certified mail, postage prepaid, to the following addresses, or to such other address as a party may designate by Notice to the other parties within one week of the change of any address set forth below:

(a)    To Tricore:

Tricore, Inc.
100 Sharp Street
Hingham, MA
Attn: Paul Jacobson, President

With a copy (which shall not constitute notice) to:

Edward D. Kutchin, Esq.
Kutchin & Rufo, P.C.
17th Floor
155 Federal Street
Boston, MA 02110-1727

5

(b)    To Safeco:

Kirk Austin, Claims Adjuster
Safeco Surety
Northern Region Office
2800 W Higgins Road, Suite 1100
Hoffman Estates, IL  60195-5205

With a copy (which shall not constitute notice) to:

Bradford R. Carver, Esq.
Hinshaw & Culbertson LLP
One International Place
Fort Hill Square, Third Floor
Boston, MA  02110

5.5    Governing Law.  It is understood and agreed that this Agreement shall be governed by, construed and enforced in accordance with and subject to the laws of the Commonwealth of Massachusetts without giving effect to any choice of law or conflict of law rules or provisions (whether of Massachusetts or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the Massachusetts.

5.6    Counterparts.  This Agreement may be signed in any number of counterparts, each of which shall be an original, and such counterparts, when taken together, shall constitute one and the same Agreement.

5.7    Survival of Representations.  The representations, warranties, covenants, and agreements herein contained on the part of the parties hereto shall be deemed and construed to be continuing representations, warranties, covenants, and agreements and shall survive the date of this Agreement.

5.8    Amendment.  This Agreement cannot be amended, released, discharged, changed, modified or terminated in any manner without the consent, in writing, of all the parties hereto.

5.9    Binding Agreement.  The terms of this Agreement shall be binding upon and inure to the benefit of, and shall be enforceable by the executors, administrators, successors, assigns, officers, directors, shareholders, agents, servants, employees, assigns, related entities, legal representatives, and transferees of the parties hereto.

5.10    Severability.  The unenforceability or invalidity of any provision hereof shall not affect the force and validity of the remaining provisions, and any provision determined by a court of competent jurisdiction to be unenforceable or invalid shall be severed herefrom.

5.11    Section Headings, Construction.  The headings of Sections in this Agreement are provided for convenience only and shall not affect its construction or interpretation.  All references to "Article," "Section" or "Sections" refer to the corresponding Article, Section or Sections of this Agreement.  All words used in this Agreement shall be construed to be of such gender or number as the circumstances require.  Unless otherwise expressly provided, the word "including" does not limit the preceding words or terms.

5.12    <u>Confidentiality</u>.  The parties hereby agree that after the date of this Agreement, they shall keep absolutely confidential and not disclose, directly or indirectly, (1) any of the terms, conditions or amounts of this Agreement, (2) any of the allegations giving rise to the claims asserted in this action, provided, however, that this clause shall not prohibit either party from making disclosures described above as required by law, or to the United States Internal Revenue Service or the Revenue Department of the Commonwealth of Massachusetts, or prohibit any party from conferring with his, her or its tax advisors for the limited purpose of tax planning and tax return preparation.  If asked about the charges, the parties and their attorneys must state that the matter has been resolved and will not disclose any other information about this Agreement.  Notwithstanding the foregoing or any other provision herein contained, however,

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date and year first above written.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND IT AND AGREE TO BE BOUND BY ITS TERMS.

TRICORE, INC.

By:_____

      Paul Jacobson
      President

SAFECO INSURANCE COMPANY OF AMERICA

By:_____

      Name:
      Title:

R.P. IANNUCCILLO & SONS CONSTRUCTION CO., INC.

By: SAFECO INSURANCE COMPANY
     OF AMERICA
     (pursuant to a power of attorney)

By:_____

      Name:
      Title:

F:\Files\4229\Documents\Settlement Agmt_v01.doc



**"Edward D. Kutchin"**
<ekutchin@kutchinrufo.com>

08/19/2005 12:15 PM

Please respond to
<ekutchin@kutchinrufo.com>

To   "Jonathan C. Burwood" <JBurwood@hinshawlaw.com>

cc

bcc

Subject   FW: Settlement Agreement-Tricore/RPI

History:        ⚐ This message has been replied to.

Edward D. Kutchin, Esq.
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
Tel:   (617) 542-3000
Fax:   (617) 542-3001
E-mail: ekutchin@kutchinrufo.com

-----Original Message-----
From: Edward D. Kutchin [mailto:ekutchin@kutchinrufo.com]
Sent: Friday, August 19, 2005 12:10 PM
To: Dennis Cavanaugh; Jonathan Burwood; Bradford R. Carver
Cc: Paul Jacobson; Kerry Northup
Subject: RE: Settlement Agreement-Tricore/RPI

Gentlemen,

        I talked with Jon Burwood on August 12 and he said that he would
review the proposed Settlement Agreement and then would send me an email
with any comments or changes that you wanted.  However, as of the current
date, I have not received your comments and it has now been over a month
since I sent you the document.  I also received a call from David Campbell
the other day asking for a copy of the proposed Settlement Agreement since
he said no one was returning his calls.  Before I return his call, I wanted
some direction from you guys as to how you want to proceed with his request.
I called Brad and Jon last night and this morning and left voice messages
about this situation but have not heard back.  I am going on vacation
tomorrow for two weeks and therefore would like to get some idea from the
three of you today as to when we can finalize our settlement.  Please give
me a call today.  Thanks.

        Ed


Edward D. Kutchin, Esq.
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
Tel:   (617) 542-3000
Fax:   (617) 542-3001
E-mail: ekutchin@kutchinrufo.com

-----Original Message-----
From: Edward D. Kutchin [mailto:ekutchin@kutchinrufo.com]
Sent: Thursday, August 04, 2005 1:03 PM
To: Dennis Cavanaugh; Jonathan Burwood; Bradford R. Carver
Cc: Paul Jacobson; Kerry Northup
Subject: Settlement Agreement-Tricore/RPI

Gentlemen,

I am attaching a copy of the proposed Settlement Agreement relative to the lawsuit between Tricore, RPI and Safeco.  Please review the document and then contact me with any questions or comments you have.  I left voice messages for the three of you to inform you that Tricore is not interested in accepting the proposed tendering of the defense of Safeco in the cross claim action brought by RPI.  Rather, we believe it is far better for Dennis to continue to represent Safeco and then when Dennis finally gets rid of the action Safeco has its rights under the General Indemnity Agreement.  I hope we can resolve this part of the case very shortly.  I will look forward to hearing from you shortly.

Ed

Edward D. Kutchin, Esq.
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
Tel:   (617) 542-3000
Fax:   (617) 542-3001
E-mail: ekutchin@kutchinrufo.com

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into this __ day of AugustSeptember, 2005, by and among Tricore, Inc., a Massachusetts corporation ("Tricore"), and Safeco Insurance Company of America, an insurance corporation licensed to do business in Massachusetts ("Safeco"), on its own behalf and on behalf of R.P. Iannuccillo & Sons Construction Co., a Rhode Island corporation ("RPI") pursuant to a valid power of attorney.

## RECITALS

WHEREAS, Tricore commenced a lawsuit in the United States District Court for the District of Massachusetts, entitled "Tricore, Inc. v. Safeco Insurance Co. of America, et al.", Civil Action No. 04-12393MLW (the "Lawsuit"), and RPI has asserted counterclaims against Tricore and cross-claims against Safeco;

WHEREAS, each party disputes the others' claims as asserted in the Lawsuit;

WHERAS, Tricore and Safeco have mutually and voluntarily chosen to resolve their claims and defenses without further litigation pursuant to this Agreement; and

WHEREAS, Safeco has the authority to enter into and execute this Agreement on behalf of RPI pursuant to the power of attorney set forth in that certain General Agreement of Indemnity for Contractors entered into by and between Safeco and RPI on May 10, 1999____, 200_ ("RPI General Indemnity Agreement").

NOW THEREFORE, in consideration of the terms and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, each to the other, the parties hereby agree as follows:

## ARTICLE I
## DEFINITIONS

For purposes of this Agreement, the following terms have the meanings specified or referenced below:

"Agreement" means this Settlement Agreement.

"Business Day" shall mean any day that the Federal District Court for the District of Massachusetts is not closed for business.

"Effective Date" shall mean fourteen (14) calendar daysthe second Business Day following the date of execution of this Agreement. In the event Safeco fails to pay the RPI Settlement Amount by the end of business of the Effective Date, or the representations and warranties of Safeco shall not be true, correct and accurate in all material respects on the Effective Date, or if Safeco shall fail to perform any of its obligations or covenants hereunder by the Effective Date, then the terms and provisions of this Agreement shall be rendered null and void and of no further force and effect, and any monies paid by Safeco to Tricore shall be promptly returned.

"Project" shall mean that certain construction project relating to the renovation and expansion of a nursing home facility in Boston, Massachusetts for which (a) Tricore was engaged

as a general contractor/construction manager by Sherrill House, Inc., the owner of the land on which the construction project was to occur, and (b) RPI was engaged as a subcontractor by Tricore.

"RPI Settlement Amount" shall mean the amount Safeco shall pay to Tricore on behalf of RPI of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00).

## ARTICLE II
## SETTLEMENT AND RELEASE OF CLAIMS

2.1    Payment of RPI Settlement Amount.  On the Effective Date, Safeco shall pay the RPI Settlement Amount to Tricore by bank check or of immediately make available funds or wire transfer.

2.2    Forgiveness of Bond Premium.  On or within 30 days after the Effective Date, Safeco shall cancel and forgive the sum of fifty thousand dollars ($50,000) of any unpaid portion of the premium due and owing by Tricore to Safeco for any and all that certain payment/performance bonds issued by Safeco on the Project on behalf of Tricore as principal. [CAN DENNIS CAVANAGH/SAFECO MAKE THIS MORE SPECIFIC?]

2.3    Limited Release by Tricore.  Subject to the terms of this Agreement, upon receipt of the payments to be made pursuant to Sections 2.1 and 2.2 hereof, Tricore, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge each of RPI and Safeco, and each of their agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the Commonwealth of Massachusetts, or any other state, and any claims at common law including contract or tort law, which Tricore ever had, now has, or can, shall or may have as of the date of this Agreement by reason of, on account of, or arising out of, related to, or in connection with the Project and/or the facts alleged and/or the claims asserted in the Lawsuit. Notwithstanding the foregoing or any other provision herein contained, under no circumstances shall this provision be deemed a release by Tricore of any rights or obligations under the terms of either any payment/performance bonds Payment Bond No. 600617 issued by Safeco on behalf of to Tricore as principal with respect to on the Project or the General Agreement of Indemnity for Contractors entered into by and between Safeco and Tricore on June 28, 2002 ("Tricore General Indemnity Agreement"), which bonds and indemnity agreement shall remain in full force and effect.

2.4    Limited Release by RPI.  Subject to the terms of this Agreement, RPI, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, upon Tricore's receipt of the RPI Settlement Amount, does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge Tricore and each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases,

2

doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the Commonwealth of Massachusetts, or any other state, and any claims at common law including contract or tort law, which RPI ever had, now has, or can, shall or may have as of the date of this Agreement by reason of, on account of, or arising out of, related to, or in connection with the Project and/or the facts alleged and/or the claims asserted in the Lawsuit.

2.5    Limited Release by Safeco.   Subject to the terms of this Agreement, Safeco, on its own behalf and on behalf of each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, upon Tricore's receipt of the RPI Settlement Amount, does hereby fully, forever, irrevocably and unconditionally, release, remise and discharge Tricore and each of its agents, servants, officers, directors, employees, attorneys, affiliates, heirs, executors, successors and assigns, from any and all manner of claims, charges, complaints, demands, actions, causes of action, suits, rights, debts, dues, sums of money, costs, losses, accounts, reckonings, covenants, contracts, controversies, agreements, promises, leases, doings, omissions, damages, executions, obligations, liabilities and expenses (including attorneys' fees and costs), of every kind and nature whatsoever, known or unknown, either at law or in equity, from the beginning of the world to this date, arising under any provisions of law of the United States, the Commonwealth of Massachusetts, or any other state, and any claims at common law including contract or tort law, which Safeco ever had, now has, or can, shall or may have as of the date of this Agreement by reason of, on account of, or arising out of, related to, or in connection with the Project and/or the facts alleged and/or the claims asserted in the Lawsuit. Notwithstanding the foregoing or any other provision herein contained, under no circumstances shall this provision be deemed a release by Safeco of any rights or obligations under the terms of ~~either~~ any payment/performance bonds issued by Safeco on behalf of Tricore as principal with respect to the Project or the Tricore General Indemnity Agreement, which bonds and indemnity agreement shall remain in full force and effect. ~~Payment Bond No. 600617 issued by Safeco to Tricore on the Project or the Tricore General Indemnity.~~

2.6    No Release by RPI with Respect to Claims Asserted Against Safeco. Notwithstanding any other provision herein contained, under no circumstances shall this Agreement be deemed to contain a release by RPI with respect to any of the cross-claims asserted by it against Safeco in the Lawsuit.

## ARTICLE III
## STIPULATION OF DISMISSAL

3.1    Stipulation by Tricore.  Subject to the terms of this Agreement, upon receipt of the payments to be made pursuant to Sections 2.1 and 2.2 hereof, Tricore shall execute and file a Stipulation of Dismissal in the form attached hereto as **Exhibit A.** Said stipulation shall provide that Tricore dismisses the Lawsuit against both ~~of~~ RPI and Safeco with prejudice, and without costs, with Tricore waiving all right of appeal.

3.2    Stipulation by RPI.  On the Effective Date, Safeco, as attorney-in-fact on behalf of RPI, shall execute and file a Stipulation of Dismissal in the form attached hereto as **Exhibit B**. Said stipulation shall provide that RPI dismisses the Lawsuit against Tricore with prejudice and without costs, with RPI waiving all right of appeal.

3.3    Further Acts. The parties hereto agree to sign, seal, acknowledge and deliver such additional instruments, documents and papers, and to do such other acts and things as may be necessary or appropriate to carry out the intent of this Agreement.

## ARTICLE IV
### REPRESENTATIONS / INDEMNIFICATION

4.1    Representations of Each Party. Each of the parties hereto hereby represents and warrants to the others, with respect to itself, that:

(a)    Each party executing this Agreement has the full corporate power and authority to enter into this Agreement and the other agreement(s) and instrument(s) contemplated hereby to which it is or is to be a party and to carry out its obligations hereunder and thereunder;

(b)    The execution and delivery by such party of this Agreement and the other agreement(s) and instrument(s) contemplated hereby to which it is or is to be a party and the consummation by such party of the transactions contemplated hereby and thereby have been duly authorized by all necessary corporate action on its part;

(c)    This Agreement and the other agreement(s) and instrument(s) contemplated hereby to which it is a party have been (and upon the execution and delivery thereof), the other agreement(s) and instrument(s) contemplated hereby to which it is a party will be duly executed and delivered by the parties and constitute the legal, valid and binding obligations of such party, enforceable against such party in accordance with their respective terms;

(d)    The parties acknowledge that they have read the terms of this Agreement, that they have had an opportunity to be or have been assisted and advised by counsel with respect to this Agreement, that the terms of this Agreement are fully understood by them, and that they have entered into this Agreement voluntarily and with full knowledge of the effect thereof;

(e)    All parties acknowledge that each executed this Agreement without any threat, force, fraud, duress or representation of any kind by any person or entity other than those stated and/or referenced herein, and that each party acknowledges that they are aware of the rights to which they otherwise were entitled by reason of the lawsuit;

(f)    Such party is the sole owner of the actual or alleged claims, demands, rights, causes of action and other matters which are herein released, that the same have not been assigned, transferred or disposed of and that they have the full right and power to grant, execute and deliver the releases and agreements herein contained;

(g)    All parties acknowledge that they have not previously sold, transferred, granted any interest in, encumbered and/or otherwise assigned any right, title, and/or interest which is purportedly being granted hereunder; and

(h)    Safeco represents and warrants that it has full power and authority to enter into this Agreement on behalf of RPI by virtue of the terms of the RPI General Indemnity Agreement.

4

(i)      Safeco agrees to indemnify and hold harmless Tricore and its officers, directors, employees, agents, successors and assigns, from all liens, claims, lawsuits, and demands for arbitration (collectively "Claims" or "Claim") of whatever kind or nature, and all expenses incurred, including reasonable attorneys' fees and costs of defense, for or on account of or in any way growing out of any and all claims asserted by RPI relative to either the Lawsuit or ~~the Project~~ the matters addressed by this Settlement Agreement. Safeco shall defend Tricore against any such Claim with counsel reasonably acceptable to Tricore. Safeco agrees to defend against any Claim filed against Tricore with respect to the subject of the indemnity contained herein. In the event of any Claim made against Tricore for which the indemnification set forth hereinabove applies, Tricore shall send written notice along with copies of all documentation received regarding the Claim to Safeco at its address set forth in this Agreement within ten (10) days of receipt of said documents. Safeco shall have the sole authority for the direction of the defense and shall be the sole judge of the acceptability of any compromise or settlement of any Claims against Tricore and which is paid solely by Safeco. In the event Safeco fails to notify Tricore of its desire to defend any Claim within said ten (10) day time period, then Tricore shall have the right to defend the Claim at Safeco's sole cost and expense and may employ attorneys of its own selection to appear and defend the Claim on behalf of Tricore.

(j)      At no additional cost to Safeco, Tricore shall assist and cooperate with Safeco, to the extent reasonably possible, in connection with the preparation and presentation of any claims relative to the Project in the expected litigation against RPI, including presentation of testimony at deposition and trial if necessary. Tricore shall disclose all information necessary and required or reasonably requested by Safeco relative to the Project as long as such information is not subject to the attorney-client privilege or deemed to be confidential in nature.

## ARTICLE V
### MISCELLANEOUS

5.1      Compromise of Disputed Claims. It is understood and agreed that this Agreement represents a compromise of disputed claims and that nothing contained in this Agreement shall be an admission or be construed as an admission of liability or lack thereof by or on behalf of any party.

5.2      Expenses. The parties hereto shall each pay their own respective costs and expenses, including attorneys' fees, incurred in connection with the subject matter of this Agreement.

5.3      Complete Agreement. This Agreement is intended by the parties as the final expression of their agreement and as a complete and exclusive statement of the terms and provisions thereof. The parties further declare and represent that no promise, inducement or agreement not herein expressed has been made to any of the undersigned.

5.4      Notice. Any notice required pursuant to this Agreement shall be deemed duly given if sent by hand delivery or registered or certified mail, postage prepaid, to the following addresses, or to such other address as a party may designate by Notice to the other parties within one week of the change of any address set forth below:

    (a)      To Tricore:

Tricore, Inc.
100 Sharp Street
Hingham, MA
Attn:  Paul Jacobson, President

With a copy (which shall not constitute notice) to:

Edward D. Kutchin, Esq.
Kutchin & Rufo, P.C.
17th Floor
155 Federal Street
Boston, MA 02110-1727

    (b)      To Safeco:

Kirk Austin, Claims Adjuster
Safeco Surety
Northern Region Office
2800 W Higgins Road, Suite 1100
Hoffman Estates, IL  60195-5205

With a copy (which shall not constitute notice) to:

Bradford R. Carver, Esq.
Hinshaw & Culbertson LLP
One International Place
Fort Hill Square, Third Floor
Boston, MA  02110

    5.5     <u>Governing Law</u>.  It is understood and agreed that this Agreement shall be governed by, construed and enforced in accordance with and subject to the laws of the Commonwealth of Massachusetts without giving effect to any choice of law or conflict of law rules or provisions (whether of Massachusetts or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the Massachusetts.

    5.6     <u>Counterparts</u>.  This Agreement may be signed in any number of counterparts, each of which shall be an original, and such counterparts, when taken together, shall constitute one and the same Agreement.

    5.7     <u>Survival of Representations</u>.  The representations, warranties, covenants, and agreements herein contained on the part of the parties hereto shall be deemed and construed to be continuing representations, warranties, covenants, and agreements and shall survive the date of this Agreement.

    5.8     <u>Amendment</u>.  This Agreement cannot be amended, released, discharged, changed, modified or terminated in any manner without the consent, in writing, of all the parties hereto.

5.9    Binding Agreement.  The terms of this Agreement shall be binding upon and inure to the benefit of, and shall be enforceable by the executors, administrators, successors, assigns, officers, directors, shareholders, agents, servants, employees, assigns, related entities, legal representatives, and transferees of the parties hereto.

5.10    Severability.  The unenforceability or invalidity of any provision hereof shall not affect the force and validity of the remaining provisions, and any provision determined by a court of competent jurisdiction to be unenforceable or invalid shall be severed herefrom.

5.11    Section Headings, Construction.  The headings of Sections in this Agreement are provided for convenience only and shall not affect its construction or interpretation.  All references to "Article," "Section" or "Sections" refer to the corresponding Article, Section or Sections of this Agreement.  All words used in this Agreement shall be construed to be of such gender or number as the circumstances require.  Unless otherwise expressly provided, the word "including" does not limit the preceding words or terms.

5.12    Confidentiality.  The parties hereby agree that after the date of this Agreement, they shall keep absolutely confidential and not disclose, directly or indirectly, (1) any of the terms, conditions or amounts of this Agreement, (2) any of the allegations giving rise to the claims asserted in this action, provided, however, that this clause shall not prohibit either party from making disclosures described above as required by law, or to the United States Internal Revenue Service or the Revenue Department of the Commonwealth of Massachusetts, or prohibit any party from conferring with his, her or its tax advisors for the limited purpose of tax planning and tax return preparation.  If asked about the charges, the parties and their attorneys must state that the matter has been resolved and will not disclose any other information about this Agreement.  Notwithstanding the foregoing or any other provision herein contained, however,

*[Signature Page Follows]*

7

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date and year first above written.

THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND IT AND AGREE TO BE BOUND BY ITS TERMS.

TRICORE, INC.


By:_____
　　　　　Paul Jacobson
　　　　　President



SAFECO INSURANCE COMPANY OF AMERICA


By:_____
　　　　　Name:
　　　　　Title:



R.P. IANNUCCILLO & SONS CONSTRUCTION CO., INC.

　　　By: SAFECO INSURANCE COMPANY
　　　　　OF AMERICA
　　　　　(pursuant to a power of attorney)


By:_____
　　　　　Name:
　　　　　Title:

F:\Files\4229\Documents\Settlement Agmt_v042.doc

34013920v1 856500



"Cavanaugh, Dennis C."
<DCavanaugh@brownraysm
an.com>

11/16/2005 10:07 AM

To  "'Jonathan C. Burwood'" <jburwood@hinshawlaw.com>,
    "Kerry R. Northup" <knorthup@kutchinrufo.com>
cc  "Cavanaugh, Dennis C."
    <DCavanaugh@brownraysman.com>, "Edward D. Kutchin"
    <ekutchin@kutchinrufo.com>, Paul Jacobson
bcc
Subject  RE: Tricore/RPI/Safeco:  Discovery deadline

I agree with Jonathan's assessment.

Dennis

-----Original Message-----
**From:** Jonathan C. Burwood [mailto:jburwood@hinshawlaw.com]
**Sent:** Wednesday, November 16, 2005 9:27 AM
**To:** Kerry R. Northup
**Cc:** Cavanaugh, Dennis C.; Edward D. Kutchin; Paul Jacobson; kiraus@safeco.com; Bradford R.
Carver
**Subject:** RE: Tricore/RPI/Safeco: Discovery deadline


Kerry:

While I'm aware of Tricore's concerns with respect to fulfilling its indemnity obligations to Safeco,
it is our steadfast position that the Tricore performance bond claim against Safeco (as RPI's
surety) is settled.  It's my understanding that attorney Cavanagh's recent Motion for Summary
Judgment may put Safeco/Tricore in a position to resolve any outstanding issues, thereby
allowing for execution of the settlement agreement.   As such, and for the sake of litigation
resources, we have not yet forced the issue with respect to the settlement agreement.  I agree
with attorney Cavanagh, however, that amending the Scheduling Order is not necessary as, worst
case scenario, we'll only need to litigate whether or not the parties settled at the mediation.  On
that basis, I'm not inclined to extend the discovery period, though am happy to participate in a
conference call to further discuss the parties' options.

Thank you.

Jonathan C. Burwood
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7009 (direct dial)
(617) 213-7001 (fax)

"Kerry R. Northup"
<knorthup@kutchinrufo.com>

11/16/2005 08:43 AM

To <jburwood@hinshawlaw.com>, "Cavanaugh, Dennis C."
   <DCavanaugh@brownraysman.com>
cc "Paul Jacobson" <pjacobson@tricore100.com>, "Edward D. Kutchin"
   <ekutchin@kutchinrufo.com>
Subje RE: Tricore/RPI/Safeco:  Discovery deadline

ct

Dennis,

As you know, the settlement agreement is not yet signed and, last we knew,
there were still some as yet unresolved issues to work through between your
side of Safeco and Tricore.  Until we have a signed settlement agreement, it
makes sense to us to keep the discovery period open.

Kerry R. Northup, Esq.
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
Tel:  (617) 542-3000
Fax:  (617) 542-3001

-----Original Message-----
From: Cavanaugh, Dennis C. [mailto:DCavanaugh@brownraysman.com]
Sent: Wednesday, November 16, 2005 8:24 AM
To: 'Kerry R. Northup'; jburwood@hinshawlaw.com
Cc: Edward D. Kutchin
Subject: RE: Tricore/RPI/Safeco: Discovery deadline


Kerry,

I do not understand why your client or Safeco the performance bond surety
for RPI would need to amend the scheduling order. My understanding is that
you have a settlement which is not contingent on the count in the
third-party complaint that we are dealing with on summary judgment. Is my
understanding incorrect??

Dennis

-----Original Message-----
From: Kerry R. Northup [mailto:knorthup@kutchinrufo.com]
Sent: Tuesday, November 15, 2005 3:30 PM
To: dcavanaugh@brownraysman.com; dmc@viscontilaw.com;
jburwood@hinshawlaw.com
Cc: Edward D. Kutchin
Subject: Tricore/RPI/Safeco: Discovery deadline


Gentlemen,

Unfortunately, I marked my calendar incorrectly.  Fact discovery in this
proceeding closes on December 15, 2005, not November 15th.

Nevertheless, I have little doubt we won't settle prior to December 15th,
given that we still have summary judgment related pleadings to be filed and
decided.  We suggest extending the discovery deadline by six months, from
December 15 to June 15.   If we are all agreed on this point, I will draft a
joint motion for your review and approval.  Let me know.  Thanks.

Kerry R. Northup, Esq.
Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
Tel:  (617) 542-3000
Fax:  (617) 542-3001

Hinshaw & Culbertson LLP is an Illinois registered limited liability
partnership that has elected to be governed by the Illinois Uniform
Partnership Act (1997).

The contents of this e-mail message and any attachments are intended
solely for the addressee(s) named in this message. This communication
is intended to be and to remain confidential and may be subject to
applicable attorney/client and/or work product privileges. If you are
not the intended recipient of this message, or if this message has been
addressed to you in error, please immediately alert the sender by reply
e-mail and then delete this message and its attachments. Do not
deliver, distribute or copy this message and/or any attachments and if
you are not the intended recipient, do not disclose the contents or take
any action in reliance upon the information contained in this
communication or any attachments.



**"Edward D. Kutchin"**
**<ekutchin@kutchinrufo.com>**

12/05/2005 03:36 PM

Please respond to
<ekutchin@kutchinrufo.com>

To   <DCavanaugh@brownraysman.com>, "Jonathan C.
     Burwood" <jburwood@hinshawlaw.com>

cc   "Paul Jacobson" <pjacobson@tricore100.com>,
     <knorthup@kutchinrufo.com>, "Bradford R. Carver"
     <bcarver@hinshawlaw.com>, <kiraus@SAFECO.com>,

bcc

Subject   RE: Tricore v. Safeco, et al.

Dear Jon:

        I am in receipt of your email and attached redlined Settlement Agreement and wish to respond.
First and foremost, I am sorry that after all that has gone on in this case and our excellent relationship,
your client apparently has forced you to draw a line in the sand and demand that we execute the
Settlement Agreement on or before December 9, 2005. It is important to remember the specific reason
why my client Tricore, Inc. ("Tricore") has consistently stated that the settlement of the lawsuit was
contingent upon a complete dismissal of all claims and counterclaims in the lawsuit by all parties and an
exchange of general releases by all parties relating to the lawsuit. As I have continually told both you and
Dennis Cavanaugh on numerous occasions and also explained to Judge Dein on September 14, when the
settlement was reached between Safeco and Tricore at the end of the mediation held before Judge
Swartwood on July 19, 2005, it was agreed by Safeco Insurance Company of America ("Safeco") on
behalf of itself and on behalf of .P. Iannuccillo and Sons Construction Co., Inc. ("RPI") that Tricore would
receive payment of $300,000, a total release from both Safeco and RPI relative to the subject project and
its obligations to Safeco under its general indemnity agreement and that the entire lawsuit would be
dismissed. It was also agreed that Tricore would release both Safeco and RPI in the lawsuit.

        However, counsel for all parties realized after the settlement was agreed upon that Safeco did not have
the authority to dismiss RPI's bad faith settlement of claim practices counterclaim ("Bad Faith Claim")
against Safeco and therefore the entire lawsuit could not be dismissed and the basic premise for which
the settlement had been agreed upon could not be effectuated. This is the sole reason why Tricore has
continually informed both you and Dennis Cavanaugh that based upon the change in the underlying
premise for the original settlement, the only way that Tricore could now in good faith consummate a
settlement with Safeco was if Safeco would waive its entitlement to receive reimbursement for legal fees
incurred in connection with its defense of RPI's Bad Faith Claim. Otherwise, as I have explained on
numerous occasions, Safeco will be able to limit its exposure relative to the claims filed by Tricore in the
lawsuit while on the other hand Tricore's obligation to reimburse Safeco for its cost of defense of the Bad
Faith Claim will continue to accelerate until the Bad Faith Claim is either settled or tried. This contingency
significantly reduces the value of the settlement that Tricore had originally accepted. In view of the
foregoing, I will again restate the position that Tricore has consistently taken once all of the parties
realized that Safeco did not have the authority to dismiss RPI's Bad Faith Claim, that is unless Safeco was
willing to agree to waive reimbursement for its cost of defense of the Bad Faith Claim under the terms of
its general indemnity with Tricore, Tricore was not in a position to execute the modified settlement
agreement. I respectfully request that in the event you file any type of motion to enforce the settlement, a
copy of this email be referenced in and attached to the motion.

Thank you,

Edward D. Kutchin, Esq.

Kutchin & Rufo, P.C.
155 Federal Street, 17th Floor
Boston, MA 02110-1727
Tel:  (617) 542-3000
Fax:  (617) 542-3001
E-mail: ekutchin@kutchinrufo.com


-----Original Message-----
**From:** Jonathan C. Burwood [mailto:jburwood@hinshawlaw.com]
**Sent:** Thursday, December 01, 2005 6:00 PM
**To:** ekutchin@kutchinrufo.com; DCavanaugh@brownraysman.com
**Cc:** IRASUS@SAFECO.com; kiraus@SAFECO.com; Bradford R. Carver; knorthup@kutchinrufo.com
**Subject:** Tricore v. Safeco, et al.



Ed/Dennis:

Attached below please find a red-line of the Settlement Agreement originally prepared by attorney
Kutchin's office.  With very few exceptions, the edits reflected in the attached are identical to those
previously forwarded to your attention on September 13, 2005.  Please review the attached and
contact me with any questions or concerns.  Specifically, I would appreciate attorney Cavanagh's
input with respect to the sufficiency of Article 2.2 (Tricore bond premium forgiveness), as well as
the carve-outs set forth in Article's 2.3 and 2.4 as they relate to the continuing indemnity
relationship between Tricore and Safeco.  I would further appreciate attorney Kutchin preparing
the stipulations referenced as exhibits by Articles 3.1 and 3.2.

Please be advised that my client insists that the Settlement Agreement be finalized and executed
no later than December 9, 2005.  To the extent Tricore is unwilling to execute the agreement, we
will immediately move the Court to enforce the settlement.

Thank you.

Jonathan C. Burwood
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7009 (direct dial)
(617) 213-7001 (fax)



Hinshaw & Culbertson LLP is an Illinois registered limited liability
partnership that has elected to be governed by the Illinois Uniform
Partnership Act (1997).

The contents of this e-mail message and any attachments are intended
solely for the addressee(s) named in this message. This communication
is intended to be and to remain confidential and may be subject to
applicable attorney/client and/or work product privileges. If you are

not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.