UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRICORE, INC., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>SAFECO INSURANCE COMPANY OF )<br>AMERICA, and R.P. IANNUCCILLO & )<br>SONS CONSTRUCTION CO., )<br>    Defendants. )<br> ) | CIVIL ACTION NO. 04-12393-JGD |

**SAFECO INSURANCE COMPANY OF AMERICA'S OPPOSITION TO R.P. IANNUCCILLO & SONS CONSTRUCTION CO.'S MOTION FOR LEAVE TO FILE AMENDED CROSSCLAIM**

Defendant Safeco Insurance Company of America ("Safeco(RPI)")hereby submits its opposition to the Motion of Defendant R.P. Iannuccillo & Sons Construction Co. ("RPI") for Leave to File Amended Crossclaim Against Safeco(RPI). As grounds for its opposition, Safeco(RPI) respectfully asserts that: (1) RPI is not entitled to relief under Fed.R.Civ.P. 15(b), as the record is evident that the issues sought by the proposed amendment have not been tried with either the express or implied consent of the parties or this Court; and (2) though not requested, RPI is further not entitled to relief under Fed.R.Civ.P. 15(a), as the egregious delay and dilatory motive underpinning the proposed amendment will subject Safeco(RPI), among others, to undue prejudice.

**PROCEDURAL BACKGROUND**

**TRICORE'S CLAIMS**

This action was initiated by Tricore against Defendants Safeco(RPI) and RPI. Tricore served as the general contractor in connection with a construction project known as "Sherrill House – Frank Wood Expansion" (hereafter referred to as the "Project"). Tricore retained RPI to

1

serve as the Project's principal concrete subcontractor. Safeco, as surety, issued payment and performance bonds on behalf of RPI, as principal, in connection with the Project. Safeco also issued payment and performance bonds on behalf of Tricore in connection with the Project.

On or about July 3, 2003, Tricore terminated RPI from the Project. Thereafter, Tricore made a demand for relief under the performance bond issued by Safeco(RPI). Consistent with its obligations under the performance bond, Safeco(RPI) made every effort to work with Tricore towards the end of curing RPI's default. Nonetheless, Tricore ultimately completed RPI's work at its own expense. Thereafter, on or about November 12, 2004, Tricore brought suit against Safeco(RPI) and RPI to recover, among other things, the cost of completing RPI's work.

Tricore asserted claims against Safeco(RPI) for breach of contract, breach of the covenant of good faith and fair dealing, alleged violations of M.G.L. c. 93A and 176D, and declaratory relief. Tricore further asserted claims against RPI for breach of contract, breach of the covenant of good faith and fair dealing, and M.G.L. c. 93A.

## RPI'S CLAIMS

RPI filed an answer and counterclaim on January 11, 2005, through which RPI asserted counterclaims against Tricore for breach of contract, quantum meruit and, M.G.L. 93A. Moreover, RPI asserted crossclaims (mistakenly plead as counterclaims) against Safeco(Tricore), in its capacity as Tricore's payment bond surety. RPI's claim against Safeco(Tricore) alleged a breach of the Tricore payment bond, as well as associated claims under M.G.L. 93A and 176D. In relevant part, RPI's bad faith claims against Safeco provided as follows:

> 25.   Safeco has failed and refused to conduct a reasonable, independent investigation of the claim made by RPI against ***the payment bond***.

   28.   Safeco's handling of RPI's **_payment bond claim_** represents "unfair claims settlement practices" violative of M.G.L. c. 176D and unfair and/or deceptive acts in violation of M.G.L. c. 93A.

(emphasis added).

As this Court has noted on numerous occasions, RPI's counterclaims/crossclaims did not set forth any claims against Safeco(RPI) in its capacity as performance bond surety for RPI.

On or about May 9, 2005, RPI filed an amended answer, counterclaim, and crossclaim. As with its previous counterclaim/crossclaim, RPI asserted a claim against Safeco(Tricore) for bad faith. A review of Count II of RPI's amended crossclaim reveals identical allegations against Safeco(Tricore) with respect to its alleged handling of RPI's payment bond claim. Specifically, Count II provides (in relevant part):

   5.   Safeco has failed and refused to conduct a reasonable, independent investigation of the claim made by RPI against **_the payment bond_**.

   8.   Safeco's handling of RPI's **_payment bond claim_** represents "unfair claims settlement practices" violative of M.G.L. c. 176D and unfair and/or deceptive acts in violation of M.G.L. c. 93A.

(emphasis added).

Again, and as presently plead, RPI has not made any claim against Safeco(RPI) for bad faith.

## THE LITIGATION

On or about May 3, 2005, the parties appeared for a scheduling conference before the Court pursuant to Local Rule 16.1(A). During the scheduling conference, the parties reported their willingness to participate in Court-sponsored ADR. Thereafter, the Court entered an Order on May 3, 2005, referring the case to ADR. The Court's Order further directed, among other things, that "[a]ll fact discovery shall be completed by all parties by December 15, 2005."

On July 19, 2005, Tricore, RPI, Safeco(RPI), and Safeco(Tricore) participated in a mediation with the Hon. Charles B. Swartwood, III. Following a full day of mediation, the parties agreed to settle all claims, with the sole exception of RPI's bad faith claim against Safeco(Tricore). Despite the best efforts of the parties and the mediator, RPI was not willing to participate in the settlement. In the interest of resolving Tricore's claims, Safeco(RPI) agreed to utilize its broad powers of attorney under the indemnity agreement executed by RPI to dismiss RPI's counterclaim against Tricore, as well as RPI's cross-claim against RPI(Tricore) under the payment bond. Safeco(RPI), however, was not in a position to dismiss Count II of RPI's crossclaim against Safeco(Tricore) under M.G.L. 93A and 176D. The settlement was reported to the Court in this manner on July 21, 2005.

On or about September 14, 2005, the parties appeared before the Court for a Status Conference. During that Status Conference, the parties spent considerable time discussing with the Court the settlement, and the 'survival' of RPI's bad faith claim against Safeco(Tricore). On or about September 15, 2005, the Court issued a Scheduling Order requiring: (1) RPI to "inform all parties, in writing, of its intention to pursue its cross-claim against Safeco alleging bad faith *in connection with the payment bond*"; and (2) "*If the litigation is continuing*, motions for summary judgment shall be filed by November 1, 2005." (emphasis added) As emphasized, the Court's Order reflects the lengthy discussion during the Status Conference that only RPI's claim against the Safeco(Tricore) payment bond remained.

Safeco(RPI) does not have any record of receiving written confirmation of RPI's intention to pursue its bad faith claim against Safeco(Tricore). Nonetheless, Safeco(Tricore), consistent with the Court's direction, filed a Motion for Summary Judgment with respect to Count II of RPI's crossclaim on or about November 4, 2005. Consistent with the pleadings, and

the parties' acknowledgement that only RPI's bad faith claim against Safeco(Tricore) remained, Safeco(Tricore's) Motion for Summary Judgment was directed solely at RPI's allegations of bad faith in connection with the payment bond claim. On or about December 15, 2005, RPI filed its opposition to Safeco(Tricore)'s Motion for Summary Judgment. On or about January 13, 2006, Safeco(Tricore) filed its reply to RPI's opposition. On January 24, 2006, the Court heard argument with respect to the Motion for Summary Judgment.

Prior to the summary judgment hearing, on or about January 19, 2006, RPI moved to amend its crossclaim. Despite the fact that this case was commenced in November of 2004, that the parties settled all but one claim in July of 2005, that the discovery deadline has passed, and that Safeco(Tricore's) motion for summary judgment is now pending with the Court, RPI now seeks leave to add a <u>new and distinct</u> claim against Safeco(RPI) for bad faith in connection with alleged failures concerning its performance bond obligations. In support of this claim, RPI sets out forty-nine (49) separate allegations, approximately forty-two (42) of which address alleged conduct that occurred well-before RPI filed either its original or amended crossclaims in this action. In short, RPI has waited approximately fourteen (14) months to litigate issues that significantly pre-date the commencement of this action, despite expressly electing not to pursue a bad faith claim against Safeco(RPI) during the pendency of this case. It is clear that RPI's conduct in this regard is directly attributable to the course this litigation has taken (*e.g.*, the settlement, the pending summary judgment), and RPI's hope that the Court will allow it to "switch horses midstream" towards the improper end of merely keeping this litigation alive.

As set forth herein, RPI's efforts to amend its crossclaim are untimely, underpinned by a bad faith and dilatory motive, and threaten to inflict undue prejudice on Safeco(RPI), the other

parties, and this Court. For these reasons, Safeco(RPI) respectfully requests that the Court deny RPI's Motion to Amend.

## LAW & ARGUMENT

### I. RPI Is Not Entitled To Relief Under Fed.R.Civ.P. 15(b)

As an initial matter, it should be noted that RPI seeks leave to amend its crossclaim under Fed.R.Civ.P. 15(b) ("Rule 15(b)"), which provides (in relevant part):

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings . . .

The purpose of Rule 15(b) is to retrospectively bring the pleadings in line with issues actually tried. See Cole v. Layrite Products Co., 439 F. 2d 958 (9th Cir.1971). As such, a trial is necessary to trigger even the availability of relief under Rule 15(b). Nonetheless, even if, solely for the sake of argument, RPI were entitled to seek relief under Rule 15(b) at this stage of the litigation, it is undisputable from the record that the allegations of Safeco(RPI)'s bad faith have not been raised in this case to date, and have certainly not been litigated "by express or implied consent of the parties." The parties have consistently taken the position with RPI and this Court for months that RPI has not plead a bad faith claim against Safeco(RPI). RPI has completely ignored the parties' assertions in this regard. Significantly, the Court has repeatedly informed counsel for RPI that no claim for bad faith against Safeco(RPI) has been plead in this litigation. Again, and at its own peril, RPI elected to ignore the Court's position.

Moreover, the record reflects that there hasn't been any activity in this litigation with respect to the alleged bad faith of Safeco(RPI). Notably, RPI failed to assert such a claim in any pleadings during the initial fourteen (14) months of this case, and further failed to conduct <u>any</u>

6

discovery in connection with such a claim. Discovery has since closed, and RPI failed to make any effort to extend the discovery deadline.[1]

As Rule 15(b) is inapplicable to the procedural posture of this case, and the record reflects the decided absence of any consent, express or implied, to litigate Safeco(RPI)'s alleged bad faith, RPI is not entitled to the requested amendment.

## II.     RPI Is Not Entitled To Relief Under Fed.R.Civ.P. 15(a)

RPI has not moved the Court for relief under Fed.R.Civ.P. 15(a) ("Rule 15(a)"). Nonetheless, to the extent the Court elects to consider RPI's request in light of Rule 15(a), Safeco(RPI) respectfully asserts that RPI is not entitled to pursue the requested amendment, as the egregious delay, bad faith, and dilatory motive underpinning RPI's request will subject the parties and the Court to undue prejudice.

The decision to grant or deny a motion to amend lies with the discretion of the trial court. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). As a general proposition, Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' This liberal approach to amendments, however, is not unchecked, and will be withheld in instances of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. See Foman v. Davis, 371 U.S. at 182, 83 S.Ct. at 230.

---

[1] In fact, counsel for Tricore sought the approval of Safeco(RPI), Safeco(Tricore), and RPI in mid-November to extend the discovery deadline initially set by the Court. Upon information and belief, RPI did not make any effort to join in Tricore's effort to preserve the expiring discovery deadline.

7

### A.  RPI's Undue Delay, Bad Faith, and Dilatory Motive Are Sufficient to Overcome the Otherwise Liberal Approach to Amendments.

Leave to amend is to be 'freely given' unless it would be futile, or reward, *inter alia*, undue or intended delay.  Resolution Trust Corporation v. Gold, 30 F.3d 251 (1st Cir.1994). While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party, it is clear that "undue delay" can be a basis for denial.  Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979).

Where considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for neglect and delay.  See Grant v. News Group Boston, Inc., 55 F.3d 1 (1st Cir.1995) *citing* Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir.1983) *quoting* Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979)(deeming a seventeen-month delay between the initiation of the action and filing of a motion to amend –served ten days prior to the close of discovery –to be undue).  In Hayes, the Court held that where, as here, a considerable period of time has passed between the filing of the complaint and the motion to amend, the burden is placed upon the movant to show some valid reason for its neglect and delay.  Id.

Similarly, in Grant, the United States District Court for the District of Massachusetts denied a motion to amend as the motion was "unduly late," as discovery was complete, and allowing such an amendment would bring theories into the case that would delay the litigation and make it "like an entirely different case."  See Grant v. News Group Boston, Inc., 55 F.3d 1, 5-6 (1st Cir.1995).  In affirming the District Court, the First Circuit Court of Appeals found that the Court's "lateness determination" was not an abuse of discretion, as discovery was complete at the time the amendment was sought, and a motion for summary judgment was "nearly completed" on behalf of the non-moving party.  Id.  The Court further found that the fourteen

8

(14) month delay between the initial complaint and the motion to amend was "considerable," and that the movant was aware, or should have been aware, of information tending to support each of the new claims. Id.

The findings of the Court in Grant are remarkably similar to the facts underlying RPI's Motion to Amend. Specifically, RPI allowed a full year to pass before seeking to amend its crossclaim. At all times during this delay, RPI was aware of the facts alleged in support of its proposed bad faith claim against Safeco(RPI) – namely the alleged bad faith conduct of Safeco(RPI) relating to its investigation of Tricore's performance bond claim. Throughout the course of twelve months of this litigation, RPI elected not to pursue such a claim against Safeco(RPI); during which time the parties participated in a global mediation of all claims, reported claims settled to the Court, and engaged in a collaborative effort with the Court to establish a protocol for resolving RPI's surviving bad faith claim against Safeco(Tricore). As with Grant, discovery has closed in this case – without any discovery conducted by RPI. Moreover, Safeco(Tricore)'s motion for summary judgment has been briefed, argued, and is presently pending before the Court.

In applying the same factors as the Grant court, it is clear that RPI has the burden of showing some valid reason for its neglect and delay in bringing the proposed amendment. Nonetheless, RPI has not made any effort to justify its neglect and delay. It is clear, however, that such delay is not attributable to the other parties to the litigation or the Court. See Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979) RPI simply allowed its claims to lie fallow for more than a year, and was apparently prompted to amend only after the course of the litigation rendered its previous positions unlikely to succeed. See also Resolution Trust Corporation v. Gold, 30 F.3d 251 (1st Cir.1994) (as Rule 15 motion was proffered at the

9

eleventh hour to fend off summary judgment movant was required to demonstrate to the district court that the proposed amendments were supported by "substantial and convincing evidence); Torres-Matos v. St. Lawrence Garmet Co., Inc., 901 F.2d 1144, 1146 (1st Cir.1990) (given pendency of summary judgment motion moving party required to show that proposed amendment had substantial merit and was supported by substantial and convincing evidence). Having failed to satisfy its burdens under Rule 15(a), RPI is not entitled to pursue the requested amendment.

      **B.**    **Safeco(RPI) Will Be Unduly Prejudiced By RPI's Proposed Amendment.**

As noted above, the parties have participated in a mediation, settled all but one claim[2], and argued their respective positions on summary judgment in connection with the sole remaining claim. As these events were unfolding, the parties were making decisions concerning settlement and litigation strategy, including discovery and summary judgment, based on the pleadings as they presently stand. The parties and the Court having now traveled a significant distance, RPI has decided that it does not like the direction the case has taken, and seeks to force a detour. In this regard, RPI concedes in its Motion to Amend (¶ 6) that its "original crossclaim alleges that Safeco's handling of RPI's *payment bond claim* is violative of Chapter 93A." (emphasis added). Therefore, it is undisputed that, until now, RPI has failed to assert a claim against Safeco(RPI) in connection with the performance bond.

In an effort to somehow excuse its untimely pleading, RPI alleges (¶ 7) that "[s]ubsequent to RPI's filing of the original crossclaim, Safeco has violated Chapter 93A in its

---

[2] As the Court is well-aware, the parties' settlement is the subject of a pending Motion to Enforce Settlement Agreement scheduled for an evidentiary hearing on March 2, 2006. Although the scope of the settlement reached on July 19, 2005 may be in dispute, Tricore, Safeco(RPI), and Safeco(Tricore) are in principal agreement that a settlement was indeed reached. In that regard, the parties are working towards resolving the issue in dispute, towards the end of disposing of all claims, with the exception of Count II of RPI's existing crossclaim.

handling and settlement of the claim by Tricore against RPI's performance bond . . ." As noted above, RPI first brought it's crossclaim on or about January 11, 2005. Contrary to RPI's assertion, however, a review of RPI's proposed bad faith claim reveals forty-two (42) allegations relating to conduct that allegedly took place <u>prior to</u> January 11, 2005. In that regard, RPI's proposed bad faith claim against Safeco(RPI) was available and known to RPI at the outset of this litigation. In short, RPI could have brought this claim against Safeco(RPI) in early 2005.

Safeco(RPI) will be unduly prejudiced in the event RPI is allowed to now pursue such an untimely claim, as Safeco(RPI) has made significant decisions with respect to litigation strategy and settlement based on the claims presently asserted. Allowing RPI's amendment would put Safeco(RPI) in the position of having made a settlement commitment to Tricore, without the benefit of being able to factor RPI's bad faith claim into its settlement calculus. As RPI was in a position to bring this claim at the outset, and made a conscious decision to refrain, Safeco(RPI) should not be made to now suffer the prejudice associated with RPI's conscious delay.

## CONCLUSION

For the reasons set forth herein, Defendant Safeco Insurance Company of America respectfully requests that the Court deny RPI's Motion to Amend.

Respectfully submitted:

SAFECO INSURANCE COMPANY OF AMERICA
By its attorneys,

/s/ Jonathan C. Burwood

Bradford R. Carver , BBO#565396
Jonathan C. Burwood, BBO# 643674
Sarah A. Billeri, BBO#661256
HINSHAW & CULBERTSON LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

Dated: February 2nd, 2006